[No. 11192.    In Bank. — March 30, 1886.]

E. C. MARSHALL, ATTORNEY-GENERAL, ETC., ET AL., APPELLANTS, v. JOHN P. DUNN, STATE CONTROLLER, RESPONDENT.

69  223|
80  225|

TRAVELING EXPENSES OF SURVEYOR-GENERAL AND ATTORNEY-GENERAL — APPROPRIATION. — The act of March 9, 1883, making appropriations for the thirty-fifth and thirty-sixth fiscal years, appropriated one thousand dollars for the traveling expenses of the surveyor-general and attorney general when engaged in contests between the state and the United States as to public lands. The act further provided that not more than one half of any sum appropriated thereby should be expended during the thirty-fifth fiscal year. During that year, one half of the appropriation was exhausted in payment of such traveling expenses. *Held*, that the controller was not authorized to draw his warrant in payment of any further traveling expenses incurred by these officers during that period.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*Attorney-General Marshall*, for Appellants.

*R. T. Devlin*, and *R. M. Clarken*, for Respondent.

McKINSTRY, J. — This is an appeal from a judgment in *mandamus* of the Superior Court of Sacramento County, denying the plaintiffs' petition, that defendant be commanded to draw warrants in favor of plaintiffs for traveling expenses when engaged in contests about public lands between the state and the United States.

The complaint is as follows:—

"And now comes E. C. Marshall, attorney for plaintiffs herein, and respectfully moves this honorable court to issue its mandate against the defendant, J. P. Dunn, state controller, commanding him to issue his warrants against the treasury of said state, as follows: In favor of said petitioner, H. I. Willey, surveyor-general, in the sum of two hundred and fifty dollars, and in favor of said petitioner, E. C. Marshall, attorney-general, in the sum

of seven hundred and fifty dollars, in payment of accounts of said plaintiffs, as allowed by the state board of examiners on the seventh day of April, 1884, in pursuance of section 3413 of the Political Code of California. The legislature of the state of California, by an act entitled 'An act making appropriations for the support of the government of the state of California for the thirty-fifth and thirty-sixth 'fiscal years,' approved March 9, 1883, and found in the statutes of 1883, pages 12 and following, made the following appropriation: 'For traveling expenses of the surveyor-general and the attorney-general, when engaged in contests between the state and the United States about public lands, one thousand dollars.' That warrants have been duly drawn by the defendant, J. P. Dunn, as controller aforesaid, during the thirty-fifth fiscal year, against said sum of one thousand dollars, in favor of said plaintiff, H. I. Willey, surveyor-general, amounting to the sum of five hundred dollars. That by section 4 of the act of March 9, 1883, it is provided that 'not more than one half of any sum appropriated under this act shall be expended during the thirty-fifth fiscal year, unless such sum is exempted from the operation of this section.' That the services of plaintiffs were rendered during the thirty-fifth fiscal year, and the appropriation made by the said act of March 9, 1883, has been drawn upon for the sum of five hundred dollars. That there is of the appropriation of one thousand dollars remaining the sum of five hundred dollars, against which no warrants have been drawn. That the legislature has made no appropriation since March 9, 1883, for the payment of the traveling expenses of the plaintiffs in this action, nor does any appropriation for that purpose exist, other than the said act of March 9, 1883, and that found in the section 3413 of the Political Code."

The only appropriation relied on by the plaintiffs is found in the "Act making appropriations for the support of the government for the thirty-fifth and thirty-sixth

fiscal years," approved March 9, 1883: "For traveling expenses of the surveyor-general and attorney-general, when engaged in contests between this state and the United States about public lands, one thousand dollars." By section 4 of that act it was provided that "not more than one half of any sum appropriated under this act shall be expended during the thirty-fifth fiscal year unless such sum is exempted from the operation of this section."

Warrants were drawn by the defendant, as controller, against the one-thousand-dollar appropriation, in favor of the plaintiff, the surveyor-general, amounting to five hundred dollars during the thirty-fifth fiscal year.

The traveling of the plaintiffs, the expenses of which are involved in this proceeding, was done during the thirty-fifth fiscal year, and the statute does not exempt the one-thousand-dollar appropriation from the operation of the fourth section.

No question arises here with respect to the relative rights of the plaintiffs. Both join in this application.

"It is the duty of the controller . . . . to draw warrants on the treasury for the payment of moneys directed by law to be paid out of the treasury; but no warrant must be drawn unless authorized by law, and upon *an unexhausted, specific appropriation,* provided by law to meet the same. Every warrant must be drawn upon the fund out of which it is payable, and specify the service for which it is drawn, when the liability accrued, and the specific appropriation applicable to the payment thereof." (See *Stratton* v. *Green,* 45 Cal. 151; Pol. Code, sec. 433.)

Here the fund specifically appropriated for the traveling expenses of the plaintiffs during the thirty-fifth fiscal year had already been exhausted when the demand was made on the controller for a warrant, and when this proceeding was commenced.

Judgment affirmed.

MYRICK, J., SHARPSTEIN, J., ROSS, J., McKEE, J., and THORNTON, J., concurred.