[No. 7333.   Department Two.   July 10, 1909.]

JOHN STOCKAND et al., Respondents, v. IRA HALL et al., Appellants.[1]

TAXATION—DEED—FAILURE TO DESCRIBE PROPERTY—EJECTMENT—PLAINTIFF'S TITLE. As plaintiffs in ejectment relying on a tax title must recover on the strength of their own title, their actions must fail where the proof shows that the tax deed as filed with the county auditor and adopted as part of the records in his office did not include, or in any manner refer to, the premises in controversy, a description of which was interlined by some unknown person subsequent to its execution and filing.

ALTERATION OF INSTRUMENTS—TIME OF—PRESUMPTIONS. Proof that the interlineation in the public record of a tax deed was made subsequently, overcomes the presumption that it was made before execution.

SAME—PUBLIC RECORDS—CORRECTION—BURDEN OF PROOF. There is no presumption that an interlineation in a public record of a tax deed was made by the officer having custody of the record, and the burden of proof would be upon the party relying thereon to show that any correction made was authorized.

TAXATION—REDEMPTION—TENDER OF TAX—WAIVER. Taxes may be redeemed at any time before a valid tax deed is issued, and insufficiency of the tender therefor is immaterial where the tax title holder refused to consider a tender unless another outside claim was also paid.

Appeal from a judgment of the superior court for Jefferson county, Still, J., entered October 7, 1907, upon findings in favor of the plaintiffs, in an action of ejectment tried on the merits before the court without a jury.   Reversed.

*Trumbull & Trumbull*, for appellants.

*U. D. Gnagey*, for respondents.

RUDKIN, C. J.—This was an action in ejectment to recover certain lots in the city of Port Townsend.   The plaintiffs deraigned their title through a tax deed from the county

[1]Reported in 102 Pac. 1037.

treasurer of Jefferson county to Jefferson county, and a deed from Jefferson county to the plaintiffs. The defendants, on the other hand, are the owners of the premises, unless their title was divested by the tax deed through which the plaintiffs claim.

It appears from the record that some time prior to the 12th day of June, 1902, the county treasurer of Jefferson county instituted proceedings in the superior court of that county to foreclose the lien of a large number of delinquency certificates theretofore issued to the county. Such proceedings were had in that action that on the last mentioned date a general judgment of foreclosure was entered by default, against all pieces and parcels of land as to which no appearance had been made to contest the foreclosure. The present defendants, among others, appeared and contested the foreclosure, and as to them and their lands the cause was continued until a future day. Thereafter and on the 15th day of August, 1902, a judgment of foreclosure was entered as to the defendants and as to the particular tracts here involved. On the 10th day of January, 1903, the county treasurer issued a tax deed to the county, in book form, embracing and including therein a large number of tracts and parcels of land which had theretofore been sold for delinquent taxes, the deed reciting that the sales were made pursuant to the tax judgment of June 12, 1902. This deed was delivered to the county auditor and filed for record in his office. The county auditor adopted the original deed in book form as a part of the records of his office, and the same became Vol. 53 of deeds. The testimony clearly showed, and the court found, that the original tax deed as filed with the county auditor and adopted as a part of the records of his office did not include or in any manner refer to the particular property now in controversy, or to the tax judgment of August 15, 1902. The court further found that a description of this property was interlined in the original tax deed sub-

sequent to its execution and filing in the auditor's office, but by whom or when the interlineation was made did not appear from the testimony. Upon these facts the court gave judgment in favor of the plaintiffs, and the defendants have appealed.

In actions of this kind the plaintiff must recover on the strength of his own title, and not upon the weakness of that of his adversary. Furthermore, if the tax deed under which the respondents claim is void as to the lots here involved, it follows as a matter of course that the title is still in the appellants. In support of their tax title the respondents contend that there is a legal presumption that interlineations or alterations in written instruments were made prior to their execution, and that in any event the county treasurer has the right to correct his deed or to issue a new deed, whenever the first deed is for any reason irregular or void. The law does perhaps presume that an alteration in a written instrument was made prior to its execution and delivery, but such presumption must give way when it is proved clearly and unequivocally that the alteration was in fact made long after the execution and delivery of the instrument, as was done in this case.

But we are asked here not only to presume that the alteration or interlineation was made before the execution and delivery of the tax deed, but to go one step further and presume that the alteration or interlineation was made by the county treasurer or by his successor in office. As shown above, the former presumption has been destroyed by proof; and the latter, in our opinion, does not obtain. If there is any presumption at all as to the person by whom an instrument was changed or altered, the natural presumption would be that the alteration was made by the custodian of the instrument, in this case the county auditor. But where the instrument is a public record to which all persons have access as is the case here, no presumption whatever can be in-

dulged. When it was shown on the trial that the tax deed was altered by interlineation after its execution and delivery so as to embrace and include the property in controversy, the burden shifted to the respondents claiming under the deed to show that the interlineation was authorized and legal; and this they did not attempt to do.

On the face of the record before us, therefore, there was no tax deed as to this particular property, and the respondents utterly failed to establish title in themselves. The question as to whether a certified copy of the tax judgment of August 15, 1902, was ever delivered to the county treasurer, and whether a sale was ever made under that judgment have been discussed in the briefs and oral arguments, but should we concede these facts in favor of the respondents it would avail them nothing. The owner of property has a right to redeem from taxes and tax sales at any time before the execution and delivery of a valid tax deed (Laws of 1889, p. 298, § 17; *State ex rel. Race v. Cranney*, 30 Wash. 594, 71 Pac. 50), and in this case an offer to redeem was clearly shown. Some question is raised as to the sufficiency of the tender made by the appellants, but the respondents refused to consider the tender, unless the sum of $100 claimed to be due them, growing out of some independent transaction, was likewise paid.

The respondents having failed to show any title to the lots described in their complaint, the judgment is reversed with directions to enter judgment in favor of the appellants, upon the repayment of all taxes paid by the respondents, with interest from date of the respective payments.

CROW, PARKER, MOUNT, and DUNBAR, JJ., concur.