(No. 12567.—Decree affirmed.)

KATHERINE POEHLMAN *et al.* Defendants in Error, *vs.*
ELIZABETH LEINWEBER *et al.* Plaintiffs in Error.

*Opinion filed April 15, 1919.*

1. DEEDS—*construction of the words "and" and "or."* Courts
will construe the word "and" as meaning "or," and conversely,
where such construction is necessary to give effect to the inten-
tion of the grantor.

2. SAME—*"descendants" take as purchasers in grant to "chil-
dren and their descendants."* Where a grant in a deed is to "chil-
dren and their descendants," the words "and their descendants"
are to be construed as words of purchase.

3. SAME—*descendants take by way of substitution, only, in a
grant to several and their descendants.* Unless the instrument cre-
ating the estate indicates a contrary intention in a grant to several
and their descendants the descendants will take by way of substi-
tution, only, and not in competition with their parents living at
the time of distribution.

4. SAME—*when remainder to children and their descendants is
vested.* Where there is nothing in the deed to indicate that the
descendants are not to take in substitution in a grant of a remain-
der to children and their descendants, the remainders will vest in

the children in being at the time the deed is made, subject to reduction by birth of other children and subject to defeasance by the death of any child before the termination of the particular estate, in which event descendants will take their deceased parent's share.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. GUY R. WILLIAMS, Judge, presiding.

LYMAN LACEY, JR., for plaintiffs in error.

SCOTT S. NORTRUP, guardian *ad litem,* and EDMUND P. NISCHWITZ, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

March 15, 1888, Martin Leinweber and wife executed and delivered a quit-claim deed to John E. Leinweber and Elizabeth Leinweber, conveying to the grantees 240 acres of land "for and during the natural life of the former [John E. Leinweber] only, and for and during the widowhood of the latter [Elizabeth Leinweber] as a widow of the said John E. Leinweber only, in case she survives him, with remainder over to the children and their descendants of the said John E. Leinweber upon the decease of both of said grantees, as well as upon the decease of John E. Leinweber and the re-marriage of said Elizabeth Leinweber." The grantees in the deed were husband and wife. At the time the deed was made there were nine children of John E. and Elizabeth Leinweber, none of whom then had any issue. Subsequently two more children were born to the grantees. One son, Henry Leinweber, died March 8, 1916, leaving five minor children surviving him. John E. Leinweber died September 27, 1916, leaving surviving him ten children and five grandchildren, the children of the deceased son, Henry, as his only heirs-at-law. The widow also survived him and is still living. Since the deed was made nine of the ten surviving children of John E. Leinweber have

had children born to them who are now living. One has had no children. The ten surviving children of John E. Leinweber filed their bill in the circuit court of Mason county for partition. The bill alleged that the complainants were each seized in fee simple of one-eleventh part of the land described in the deed, and that the five children of Henry Leinweber, deceased, were each seized of one-fifty-fifth part thereof, subject to the life estate or estate during widowhood of Elizabeth Leinweber. The bill further alleged that all the children of complainants are contending that they have an interest in the premises under the deed as descendants of their parents, which claim creates a cloud upon the title, and it is alleged that it is necessary to the other relief prayed that the deed be construed, in order that the title of complainants and of the children of Henry Leinweber may be freed from the cloud created by the claims and contentions of the children of complainants. All of said children of complainants were made parties, and as some of them were minors a guardian *ad litem* was appointed for them, and another person was appointed guardian *ad litem* for the minor children of Henry Leinweber. The guardians *ad litem* filed separate answers and the adult defendants were defaulted. The cause was referred to the master in chancery to take and report the testimony, and upon the hearing the chancellor found and decreed that Elizabeth Leinweber was the owner of a life estate in the 240 acres, subject to be divested by her marriage; that, subject to her estate, the ten children of John E. Leinweber were each the owner in fee of one-eleventh and the five children of Henry Leinweber each owned in fee one-fifty-fifth part of said premises; that the children of the complainants had no interest in the premises and their claims constituted a cloud on the title which should be removed, and they were perpetually enjoined from asserting any title to or interest therein. Partition was decreed subject to the rights of the widow of John E. Leinweber, and commis-

sioners were appointed for that purpose. The widow by a written instrument waived and released her life estate and consented to the sale of the land freed therefrom, electing to take the value of her life estate in money. The minor children of complainants, by their guardian *ad litem*, have sued out a writ of error and bring the record to this court for review.

The controverted question raised is whether the deed "to the children and their descendants of the said John E. Leinweber" created vested or contingent remainders. The plaintiffs in error contend the remainders were contingent; that the language of the deed plainly indicates that it was the intention of the grantor to postpone the remainders vesting in interest until the termination of the life estate. Defendants in error contend that the deed granted to the children of John E. Leinweber living at the time of the execution, vested interests in remainder, subject to reduction *pro tanto* by the birth of other children, and subject, further, to defeasance in case of the death, during the lifetime of John E. Leinweber, of the owner or owners of such remainders leaving descendants surviving, in which event the descendants of the owner so dying would take the deceased parent's share by way of shifting use. Plaintiffs in error insist the grant to the "children and their descendants" was not to one but to both, and argue that as at the date of the grant part of the children were in being but their descendants were not, it could not be known at that time who would become the owners of the estate in remainder.

Courts will construe "and" as "or," and the converse, where necessary to give effect to the intention. (*Manning* v. *Manning,* 229 Mass. 527; *Maguire* v. *Moore,* 108 Mo. 267.) The grant was by deed, and the words "and their descendants" are to be construed as words of purchase. (2 Fearne on Remainders, sec. 508; 2 Jarman on Wills,— 5th Am. ed.—33; 2 Washburn on Real Prop.—4th ed.—

604.) The words "and their descendants" being words of purchase, it was possible for the descendants of the children of John E. Leinweber to take concurrently with their parents or in succession to their parents or in substitution for deceased parents. Unless the instrument creating the estate indicates a contrary intention, the weight of authority appears to be that in a grant to several and their descendants, the descendants would take by way of substitution, only, and not in competition with their parents living at the time of distribution. (Theobald on Wills,—7th ed.—322; 28 Halsbury's Laws of England, sec. 1375; 30 Am. & Eng. Ency. of Law, 729; 3 Jarman on Wills,—5th Am. ed.—387-390; *Pearson* v. *Stephen,* 2 D. & Cl. 328; 5 Bli. (N. S.) 203; *Manning* v. *Mannnig, supra.*) There is nothing in the language of the deed to indicate that it was not the purpose and intention that the descendants of the children of the life tenant were not to take in substitution but were to take concurrently or in succession. If they were to take in substitution, then the remainders vested in the children of John E. Leinweber in being at the time the deed was made, subject to reduction on the birth of another child, and further subject to defeasance by the death, during the lifetime of John E. Leinweber, of any remainderman leaving descendants, in which event the descendants would take their deceased ancestor's share. Upon the death of John E. Leinweber the class to take in remainder was fixed and determined, and was composed of his ten living children and the five descendants of his deceased son. The ten children were then indefeasibly vested each with the undivided one-eleventh and the children of the deceased son each with the undivided one-fifty-fifth, subject to the life estate of the widow.

Plaintiffs in error rely on *Bates* v. *Gillett,* 132 Ill. 287, as supporting their contention. That case involved the construction of a will, and it was held the remainders created by it were contingent. The court said it clearly appeared

from the language of the will that the testator intended the remainders to vest in interest in such issue of the life tenant as should be in being when the estate vested in possession.  In *Knight* v. *Pottgieser*, 176 Ill. 368, the court construed a will in which the testator made a devise to his wife for life and directed that at her death the property should "be divided amongst my children and their descendants in equal shares, the descendant or descendants of a deceased child to take the parent's share in equal proportions."  The testator left surviving a widow, one son and three daughters.  The son died intestate, leaving a widow but no children or descendants of children.  The widow of the deceased son filed a bill for partition, claiming her husband was seized of a vested remainder in the premises and that upon his death she inherited the undivided onehalf thereof.  The circuit court sustained that construction of the will and granted the relief prayed, and this court affirmed the decree of the circuit court.  The decision in that case appears to be directly in point and to sustain the construction of the deed in this case by the circuit court. In that case the court referred to the rule that the law favors a construction that will vest remainders unless a contrary intention is indicated by clear words.  The court also held that the direction to pay or distribute *in futuro* was not for reasons personal to the legatee, but merely because the testator desired to appropriate the property to the use of another during the life of such other, and that the remainder vested in interest, the right of enjoyment only being postponed.

We are of opinion the decree of the circuit court was correct, and it is affirmed.  *Decree affirmed.*