280

STATE of Missouri, at the Relation of RE-
ORGANIZED SCHOOL DISTRICT NO.
R–6 OF DAVIESS COUNTY, Missouri,
Relator,

v.

Haskell HOLMAN, State Auditor of
Missouri, Respondent.

No. 43944.

Supreme Court of Missouri.

En Banc.

Feb. 14, 1955.

Dean H. Leopard, Gallatin, Robert B.
Fizzell, Jr., Stinson, Mag, Thomson, Mc-
Evers & Fizzel, Kansas City, for relator.

John M. Dalton, Atty. Gen., John W.
Inglish, Asst. Atty. Gen., for respondent
Haskell Holman, State Auditor.

HOLLINGSWORTH, Judge.

Original proceeding in mandamus. Rela-
tor, Reorganized School District No. R–6
of Daviess County, seeks to compel
respondent, Haskell Holman, State Auditor,
to register and certify as valid under the
provisions of § 108.240 RSMo 1949,
V.A.M.S., an issue of bonds of relator in
the principal sum of $113,000. Respondent
does not challenge the validity of the pro-
ceedings authorizing the issuance of said
bonds, but does contend that the special
election at which the voters approved the
organization of relator was held without
due publication of notice as required by
law and, for that reason, relator is not
lawfully organized and, therefore, not
entitled to the relief sought. The cause has
been submitted upon an agreed statement of
facts and the briefs of the respective
parties.

Relator is purportedly organized under
the provisions of §§ 165.657–165.707. (All
statutory references are to RSMo 1949 and
V.A.M.S.) Pursuant to the provisions of
said sections, the Daviess County Board of
Education submitted to the voters a first
plan for the reorganization of the school
districts within its jurisdiction, which was
rejected. Thereafter, in accordance with
§ 165.693, said County Board adopted and
the State Board of Education approved a

second plan which, with five other proposed reorganized districts, included relator as now organized. At a special election thereafter called by said County Board and held in the proposed district on July 31, 1951, the voters approved the organization of relator by a vote of 200 for and 146 against organization. Since its organization, it has at all times maintained schools, provided elementary, grade and high school education for the school children therein, provided for transportation of pupils, levied and collected taxes for the purposes aforesaid, performed and exercised all of the privileges, functions, powers and duties of a reorganized school district, and received State aid. It is the only school district providing educational facilities and maintaining schools within its boundaries. Its existence as a legally organized school district has never been attacked or questioned prior to this proceeding.

After the approval of relator as Reorganized District R–6, its Board of Education submitted to the voters of the district at an election held therein on April 18, 1953, the proposition of authorizing the issuance of the bonds here in question for the purpose of erecting an addition to the present school building to be used for an auditorium-gymnasium and a home economics department and to repair the present school building at Winston, Missouri. The proposition was approved by a vote of 400 for and 191 against, and the Board has ordered the issuance and sale of said bonds as authorized by the voters.

In the return to the alternative writ, respondent challenged several of the steps taken by the County Board of Education of Daviess County for the organization of relator, but in his brief he has abandoned all objections to its lawful organization (and the issuance of its bonds) except his challenge to the validity of the notice of the special election held for the approval of the organization of relator.

Section 165.680, insofar as pertinent here, requires that notices of such elections "shall be posted in at least three public places within each school district affected by the proposal and shall also be published at least two times in at least one newspaper of general circulation in the county or counties affected by said proposed enlarged district, the last published notice not less than six days prior to the date of election." Compliance with these provisions is mandatory. State ex rel. City of Berkeley v. Holmes, 358 Mo. 1237, 219 S.W.2d 650, 652; State ex inf. Latham ex rel. Dawes v. Allen, Mo.Sup., 237 S.W.2d 489, 490.

Relator lies in the west and southwest part of Daviess County and the east part of DeKalb County. It consists of seven districts priorly organized and existing under the exclusive jurisdiction of the Daviess County Board, although a part (500 acres) of one of its component districts, Alta Vista, lies in DeKalb County. Maysville, the county seat of DeKalb, is eight miles west of the Daviess-DeKalb County line. Gallatin, the county seat of Daviess, is nine miles east and two miles north of Winston, the only town within relator district. There was no newspaper published within relator district in the year 1951.

On June 29, 1951, the election in question was called by the Daviess County Board to be held on July 31, 1951. Notices of said election were posted in at least three public places within each of the component school districts fifteen days prior to July 31, 1951, as required by the statute. Notice was twice published in the DeKalb County Herald, Maysville, Missouri, the last being more than six days prior to July 31, 1951, to wit: On July 12 and 19, 1951, as required by the statute. Notices were also published in the Gallatin North Missourian, the Gallatin Democrat and the Altamont Times, all in Daviess County, on July 19 and 26, 1951, the last date being but five days before July 31, 1951, and, therefore, not in compliance with the statute. Thus, it is seen that the only completely *timely* newspaper publication of notice, as required by § 165.680, was that contained in the DeKalb County Herald.

It is agreed that the DeKalb County Herald is a weekly newspaper, has been admitted to the post office as second class matter in the city of publication, has been published regularly and consecutively since 1900, and has a list of bona fide subscribers voluntarily engaged as such who have paid or agreed to pay a stated price for a subscription for a definite period of time, as is required by § 493.050, relating to the qualifications of newspapers to publish public advertisements, etc. It is also agreed that it is a newspaper publishing news of general character and general interest, circulating among readers in DeKalb County and Daviess County without regard to their business, trade, profession, class or political belief, and that it is a newspaper of general circulation in DeKalb County and has approximately fifty subscribers in Daviess County.

In the return, respondent denies that said newspaper is of general circulation in Daviess County, but in his brief contends only that "Section 165.680, RSMo 1949, requires the notice of special election to be printed in a newspaper of Daviess County, Missouri, as all the component school districts of proposed R–6 were Daviess County School Districts under the jurisdiction of the Daviess County Board of Education and therefore the County affected was Daviess County."

We have found no decision in this State defining a newspaper of "general circulation". One of the leading cases from other jurisdictions is Burak v. Ditson, 209 Iowa 926, 229 N.W. 227, 228, 68 A.L.R. 538, 541, which has this to say on that subject: "A study of the decisions bearing on the question before us suggests the following criteria: First, that a newspaper of general circulation is not determined by the number of its subscribers, but by the diversity of its subscribers. Second, that, even though a newspaper is of particular interest to a particular class of persons, yet, if it contains news of a general character and interest to the community, although the news may be limited in amount, it qualifies as a newspaper of 'general circulation.'"

[Citing several cases from other states.] This case has been generally followed. See State ex rel. Bowler v. Board of Commissioners of Daniels County, 106 Mont. 251, 76 P.2d 648, 652; Pirie v. Kamps, 68 Wyo. 83, 229 P.2d 927, 932, 26 A.L.R.2d 647; and City of Corpus Christi v. Jones, Tex. Civ.App., 144 S.W.2d 388, 393. In the case of State ex inf. Latham ex rel. Dawes v. Allen, Mo.Sup., 237 S.W.2d 489, 490, it was conceded that two newspapers having, respectively, fifty-one and forty-nine subscribers in one of the counties affected by a special school election were newspapers of general circulation in that area. We are convinced and hold that the DeKalb County Herald was a newspaper of general circulation in the county or counties affected by the reorganization of relator.

Must it also be a newspaper of the county or counties affected, as contended by respondent? For the purpose of determining this point, we shall assume as contended by respondent, without deciding, that, although a small portion of the proposed reorganized district, to wit: some 500 acres of the Alta Vista District, extended into DeKalb County, yet DeKalb was not "affected" by the reorganization for the reason that jurisdiction of that portion remained under the exclusive jurisdiction of the Daviess County Board.

The statute, § 165.680, answers the question above propounded. Its only requirement is that the notice be published in "at least one newspaper of general circulation in the county or counties affected * * *." It neither specifically nor inferentially contains any requirement that the location or situs of publication of the newspaper be within the county "affected" by the reorganization. Absent such a requirement we cannot read into the statute a restriction which, if the Legislature had desired therein, could so easily have been inserted. A careful study of the statute convinces us that the Legislature meant exactly what it said, and no more. In this connection, see State ex inf. Latham ex rel. Dawes v. Allen, Mo.Sup., 237 S.W.2d 489, 490, which, while not precisely in point on the facts,

lends support to the conclusion herein reached. We hold that under the stipulated facts there was full and literal compliance with the statute even though the notice of election was not timely given in a newspaper published in Daviess County.

The alternative writ of mandamus should be and is made peremptory.

All concur.