ANTHONY C. BARRETT et al., Plaintiffs, *v.* MICHAEL CUSKELLY et al., Constituting the Board of Fire Commissioners of the Levittown Fire District, et al., Defendants.

Supreme Court, Special Term, Nassau County, November 21, 1966.

*George Nager* for plaintiffs. *John H. Borrie* for defendants.

THOMAS P. FARLEY, J. Motion and cross motion for summary judgment in an action brought by taxpayers to set aside a special election of the voters of the Levittown Fire District which approved a referendum authorizing the improvement of a firehouse and the issuance of bonds to pay the costs thereof.

On April 19, 1966, the Board of Fire Commissioners of the Levittown Fire District adopted a resolution authorizing the construction and equipment of an addition to the Gardiners Avenue Firehouse in Levittown at an estimated cost of $130,000, and the issuance of bonds, not exceeding $130,000, to defray the costs. The resolution also directed that a special election be held on May 19, 1966 to submit the proposition to the voters. Notice of the election was thereafter published in the *Levittown Tribune,* a weekly newspaper, and posted in five places throughout the fire district. The proposition was approved by a vote of 75 to 17.

In the first cause of action, the plaintiffs allege that publication of the notice in a newspaper having a circulation of only 5,000 readers in a district containing 15,000 qualified voters does not meet the statutory requirement (Town Law, §§ 175, 179) of publication in a newspaper of general circulation. The second count of the complaint states the publication in a newspaper with such limited and selective circulation does not provide adequate notice and is an unconstitutional deprivation of plaintiffs' rights resulting in the imposition of taxes without due process. The third count charges the time and place of the election was inadequately described and that the election was conducted without insuring the secrecy of the ballot. The fourth cause claims that all the ballots were not counted and the fifth asserts that no check was made to determine whether the persons casting ballots were qualified voters.

The plaintiffs have presented no satisfactory evidence in support of the last three causes of action which attack the manner in which the election was conducted, and the first two causes are legally insufficient. No proof is submitted to show that ballots were cast by unqualified voters, and there is no contradiction of the defendants' affidavit that none of the voters were challenged and that each was required to sign the registration book before receiving a ballot from the election inspectors present. The description and diagram of the polling place furnished by the defendant affirmatively indicates that the partially screened off area provided for marking of the ballots afforded sufficient privacy to insure the secrecy of the ballot. The claim that all ballots were not counted rests solely on the circumstance that one voter received a ballot numbered 147 whereas only a total of 92 votes were recorded. The apparent discrepancy is explained by the fact that each of the two election inspectors were supplied with 100 blank ballots numbered 1 to 200 so that the number on the ballots did not correspond to the number of votes cast. The court has also examined the notice of election and finds its contents gave clear and precise information of the time and place of the election.

The affidavit charging the Board of Fire Commissioners failed to give public notice of the meeting in which they adopted the resolution calling for a referendum is of no material significance. Section 38.00 of the Local Finance Law merely requires that a bond resolution be approved by the voters as provided in section 179 of the Town Law. The latter section specifically empowers the board to submit a proposition, such as involved here, to the voters at a special election, but contains no requirement that the board's adoption of such resolution receive the prior approval

of the voters. The statute only mandates that publication of the notice of election be served in accordance with section 175 of the Town Law. The requirements are that the notice be given by publication once, in one or more newspapers having a general circulation in the district, and that copies thereof be posted conspicuously in five public places therein.

Section 175 of the Town Law and related enactments (cf. Town Law, § 264) contain no definition of what shall constitute a '' newspaper having a general circulation '', and the courts have construed similar phraseology to mean that the newspaper must be circulated throughout the entire area in which the notice is intended to be read (cf. *People ex rel. Guernsey* v. *Somers,* 153 App. Div. 623 affd. 208 N. Y. 621). The obvious intention of the Legislature is that the newspaper be distributed throughout the limits of the fire district and that it be a publication containing matters of general public interest as distinguished from trade journals catering to a special class of people. The newspaper here meets these requirements, and the court is not disposed to hold that publication in such a newspaper affords inadequate notice simply because its circulation is less than the number of voters in the district. The requirements of the statute and of due process are not so stringent that actual notice must be established by resort to mathematical probabilities. If the type of publication employed is reasonably calculated to give notice to the persons affected, it is adequate since the law does not guarantee the efficacy of its processes to carry home notice to every interested mind (*Garlen* v. *City of Glens Falls,* 17 A D 2d 277, 279 affd. 12 N Y 2d 1025). The posting of the notices must similarly be upheld so long as they were posted in places likely to be seen by the voters affected (see 90 ALR 2d 1210). The circumstance that better sites may have been selected for the posting does not demand that election be invalidated on this ground. The motion is granted and the cross motion denied.