484 P.2d 14

Saul SHULANSKY and Ira S. Lyon, Appellants,

v.

L. MICHAELS, a single woman, B. Michaels, a single woman, John A. Foote as Treasurer of Maricopa County, the County of Maricopa, a body politic, and the State of Arizona, a body politic, Appellees.

No. 1 CA–CIV 1245.

Court of Appeals of Arizona, Division 1.

April 19, 1971.

---

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, by Wilbert G. Anderson, Phoenix, for appellants.

Gibbons, Kinney & Tipton, by Harold W. Gibbons, Phoenix, for appellees Michaels.

Moise Berger, Maricopa County Atty., Phoenix, for appellees Foote and County of Maricopa.

Gary K. Nelson, Atty. Gen., Phoenix, for State of Ariz.

HATHAWAY, Judge.

Plaintiffs-appellants received a Sheriff's Deed to property in Phoenix through foreclosure of a mortgage. Defendants'-appellees' interest in this same property is in the form of a Treasurer's Tax Deed procured when appellant failed to pay taxes on the property. The deed vests title in "L. Michaels or B. Michaels." Publication of notice required by A.R.S. § 42–457 was accomplished through the "Weekly Gazette."

Appellants first argue that notice of publication in the "Weekly Gazette" did not meet the publication requirements of A.R.S. § 42–457, subsec. A which is as follows:

"A. The county treasurer shall, in addition to giving notice as prescribed by § 42–456, advertise that a treasurer's deed has been applied for and by whom, describing the property involved, the date on which sold, the amount of taxes, interest, penalties and charges for which sold, and the last date for redeeming the property, once a week for four consecutive weeks *in a newspaper of general circulation published in the area in which the property is located, or if no such newspaper is published, then in a*

*newspaper of general circulation within the county.* If the boundaries of the property to be conveyed are defined so it can be readily located and is reasonably accessible, and if the property is within the limits of an incorporated city or town or within five miles of the limits thereof, or within five miles of the postoffice of an unincorporated city or town, the treasurer or his deputy shall place a sign on the property in a conspicuous place where the public is most likely to observe it. The sign shall contain the words 'This property has been sold for delinquent taxes', in letters not less than three inches in height, and in smaller sized words shall give notice of the method and date by which the owner may redeem the property. The notices shall be in the form set forth in § 42–456." (Emphasis supplied)

Since there were no subscribers to the "Weekly Gazette" within a ½ mile radius of the property and only 5 subscribers within a mile radius of the property, it is appellants' contention that the requirements of a paper of general circulation laid down in Wahl v. Hart, 85 Ariz. 85, 332 P.2d 195 (1958) were not met. The problem presents two aspects: (1) Is the "Weekly Gazette" a newspaper of general circulation, and (2) is it "published in the area in which the property is located?"

The legislature was obviously concerned that people who lived on their land in the more isolated areas of counties receive notice as to any threat against their interest in their land from issuance of a Treasurer's Deed. This accounts for the provisions requiring first that publication should be in a newspaper of general circulation in the area where the property is located when available.

The land in question in this case is located in the City of Phoenix. It can be expected that people in the city will travel and move about the entire city while tending to business, running errands, or traveling to and from work. Therefore, under the circumstances of this case, we will construe the word "area" in A.R.S. § 42–457, subsec. A to mean the entire City of Phoenix.

Appellants cite Wahl v. Hart, supra, for the proposition that the "Weekly Gazette" is not a paper of general circulation for the purposes of this case. The case upon which most recent cases involving questions of general circulation, including Wahl, supra, rely is Burak v. Ditson, 209 Iowa 926, 229 N.W. 227 (1930). In *Burak*, 229 N.W. 227, 228, the court said:

"A study of the decisions bearing on the question before us suggests the following criteria: First, that a newspaper of general circulation is not determined by the number of its subscribers, but by the diversity of its subscribers. Second, that, even though a newspaper is of particular interest to a particular class of persons, yet, if it contains news of a general character and interest to the community, although the news may be limited in amount, it qualifies as a newspaper of 'general circulation.' "

In *Wahl*, publication had to be within a proposed district. The "Weekly Gazette" was used. The court found no subscribers within the proposed district. Logically the court concluded that "Surely, the extent of the circulation cannot be wholly disregarded else, as here, the number of readers in a given area might so dwindle that finally a point of complete nonexistence is reached. In that event, the aim of the statute to give notice to those concerned is defeated." 85 Ariz. at p. 87, 332 P.2d at p. 196.

The "Weekly Gazette" is the designated official newspaper of Maricopa County, carries news on a variety of subjects of general interest to the average reader, but deals basically with legal and business news. Newspapers of the same general format have usually been held to be newspapers of general circulation. 39 Am.Jur., Newspapers and Press Assoc. § 9; Wahl, supra. At the time notice of publication was required, the "Weekly Gazette" had a circulation of 2,169, was sold at newsstands and from coin boxes, and was delivered to

subscribers by mail. In *Wahl* there were no subscribers to the paper used for publication notice in the area prescribed by statute for publication. Not so here. Among its readers are lawyers, doctors, engineers, accountants, businessmen, clergymen, auctioneers, teachers, realtors, financiers, contractors, manufacturing firms, public utilities, wholesale and retail firms, insurance companies and other members of the general public in the City of Phoenix. We hold that the "Weekly Gazette" is of sufficient size and diversity of readership to give notice to those concerned and to qualify as a newspaper of general circulation in the City of Phoenix. Herald Publishing Co. v. California Newspaper Publishers Association, 152 Cal.App.2d 901, 313 P.2d 584 (1957); State Reorganized School District No. R–6 of Daviess County v. Holman, 275 S.W.2d 280 (Mo.1955).

Appellants also claimed error on the basis that "a deed to two grantees in the alternative or disjunctive is void for uncertainty." Appellants cite Schade v. Stewart, 205 Cal. 68, 272 P. 567 (1928) and other authorities to the effect that the common law rule holds deeds of this type to be void for uncertainty. Appellants contend that since A.R.S. § 1–201 adopts the common law and provides that it shall be the rule of decision in all courts of this state, the deed must be found to be void. Their argument follows to A.R.S. § 42–421, which provides that property may be redeemed by the owner at any time before the delivery of a treasurer's deed. This, say the appellants, contemplates a valid treasurer's deed, and delivery of a void deed does not terminate the right to redeem. Ritzinger v. Monk, 202 Okla. 228, 211 P.2d 1020 (1949); Stockand v. Hall, 54 Wash. 106, 102 P. 1037 (1909). Since the appellants offered to redeem and tendered the redemption price before action was taken to reform the deed, appellants contend that their tendered redemption was timely.

To determine the common law rule on a particular issue, we need not delve into the archives in search of some ancient rule from the English commonlaw, since the commonlaw is not a rigid, dead code, but rather a growing, living body of law. We may therefore look to decisions from sister states in search of commonlaw rules. Callet v. Alioto, 210 Cal. 65, 290 P. 438 (1930); Lux v. Haggin, 69 Cal. 225, 10 P. 674 (1886); 15A C.J.S. Common Law § 5, p. 47; 15A C.J.S. Common Law § 21, p. 78.

In construing a deed, every attempt should be made to carry out the intent of the grantor, and substance rather than form should control. In re Fleck's Estate, 261 Iowa 434, 154 N.W.2d 865 (1967); Townsend v. Cable, 378 S.W.2d 806 (Ct.App.Ky.1964). When construing the language of a deed, the purpose and conditions at the time when the deed was made should be taken into account. Snyder v. Plankenhorn, 398 Pa. 540, 159 A.2d 209 (1960). If a deed is subject to two interpretations, one which would invalidate it and one that would render it valid, the interpretation upholding the deed is favored, and should be adopted. Pan Am Petroleum Corp. v. Texas Pacific Coal and Oil Co., 340 S.W.2d 548 (Tex.Civ.App.1960). We must therefore attempt to establish the intent of the parties, and to do this will consider the circumstances under which the deed was made and delivered.

The conveyance was from the state to an individual. It was a statutory conveyance to which the appellees had become entitled as the result of a tax sale. Before the deed could issue, prescribed steps of publication of notice and waiting periods had to be met. These steps were followed. A.R.S. § 42–458 provides:

"* * * If the real property is not redeemed before the date specified in the notice (of publication), the treasurer *shall*, * * *, forthwith execute and deliver to the applicant a treasurer's deed conveying to him or his assigns the real property sold at the tax sale, * * *." (Emphasis supplied)

**406**

Use of the word "shall" in the statute, clearly mandates the issuance of the treasurer's deed once all requirements of the statute have been met. Consequently, it was the duty of the treasurer and it is manifest that it was his intent, to convey title to appellees through a valid deed. Under these circumstances, "or" should be considered as a conjunctive to carry out the intent of the parties and to validate the deed. 26 C.J.S. Deeds § 86(2), p. 832; Vol. 30 Words and Phrases at p. 52; Davis v. Vermillion, 173 Kan. 508, 249 P.2d 625 (1952); Reynolds v. Wingate, 164 Ga. 317, 138 S.E. 666 (1927); Poehlman v. Leinweber, 288 Ill. 58, 122 N.E. 834 (1919); Rowerdink v. Carothers, 334 Mich. 454, 54 N.W.2d 715 (1952); Willis v. Robinson, 291 Mo. 650, 237 S.W. 1030 (1922).

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.