591 P.2d 996

PIONEER NATIONAL TRUST COMPANY of Arizona, as Trustee of Trust No. 10,976, Plaintiff-Appellant,

v.

James Lee KIRK, as County Treasurer of Pima County, Arizona, Defendant-Appellee.

No. 2 CA–CIV 3040.

Court of Appeals of Arizona, Division 2.

Jan. 16, 1979.

Rehearing Denied Feb. 21, 1979.

Review Denied March 6, 1979.

Corey & Kittle, P. C. by Jay S. Kittle and Patrick J. Farrell, Tucson, for plaintiff-appellant.

Stephen D. Neely, Pima County Atty. by Peter E. Pearman, Deputy County Atty., Tucson, for defendant-appellee.

## OPINION

HATHAWAY, Judge.

Appellant, assignee of a tax sale certificate of purchase, appeals from a summary judgment in favor of appellee, Pima County Treasurer. We agree with the trial court's ruling that appellee lawfully refused to issue a treasurer's deed to appellant.

We view the evidence most favorably to appellant to determine whether there is a material factual dispute, and if not, whether appellee is entitled to judgment as a matter of law. *Gibson v. W. D. Parker Trust*, 22 Ariz.App. 342, 527 P.2d 301 (1974). In 1958, the United States, pursuant to the Recreation and Public Purposes Act, 43 U.S. C.A. Secs. 869–869–4 (1964), patented the disputed real property in fee simple determinable, subject to defeasance if within 25 years from the date of patent "the lands

are devoted to a use other than . . . [park purposes]." The grantee, a homeowner's association organized to solve common problems among local homeowners, stopped using the property as a park 12 years later. The land has been unused since then.

On February 9, 1971, appellant's assignor purchased the property at a tax sale. On June 25, 1974, officers of the homeowner's association, which had been inactive since abandoning the park, deeded the property back to the United States because, as the deed recites, "patentee has not complied with the provisions of the patents and . . hereby waives a hearing on the matter." On February 18, 1976, appellant timely filed an application for a treasurer's deed. Statutory notice was given, requiring redemption by July 8, 1976. The United States, intending to lease the property to Pima County for park purposes, authorized Pima County to redeem the property. On July 8, Pima County paid the necessary funds and received in its name a certificate of redemption, bearing the date July 19, 1976.

■ Appellee must issue a treasurer's deed upon compliance with statutory requirements if no valid redemption has occurred. *Shulansky v. Michaels,* 14 Ariz. .˙ pp. 402, 484 P.2d 14 (1971); A.R.S. Sec. 42–458(A). Appellant attacks the validity of the redemption, arguing that A.R.S. Sec. 42–421 permits an agent to redeem only if he is the owner's agent. The United States was not the owner of the property, it contends, because the deed was invalid and the condition of defeasance had not occurred. Therefore, redemption by agent was improper. Alternatively, assuming the United States owned the property, it contends that a county may not act as agent to redeem property sold at a tax sale. Finally, even if Pima County may act as an agent, it contends that the certificate of redemption is invalid under A.R.S. Sec. 42–423(A) because it was issued to Pima County and dated after the redemption deadline.

■ Assuming that A.R.S. Sec. 42–458(A) permits only an owner's agent to redeem property, we hold that the United States was the owner because the special limitation had been satisfied, automatically vesting title to the property in the United States. *See City of Tempe v. Baseball Facilities, Inc.,* 23 Ariz.App. 557, 534 P.2d 1056 (1975); L. Simes, Law of Future Interests, Sec. 13 (2nd ed. 1966). Consequently, we need not reach the question of the validity of the deed by the association to the United States, and redemption by agent was proper.

■ In construing a deed, we attempt to give effect to the intention of the parties. *Shulansky v. Michaels,* supra. The United States patented the property pursuant to legislation permitting transfer of federal land to non-profit associations exclusively for recreational purposes. 43 U.S.C.A. Sec. 869 (1964). Although defeasance conditions are strictly construed, failure to use the land for park purposes constituted devotion to a use other than park purposes within the meaning of the special limitation. The intention was that the land be used for park purposes; non-use frustrates the purpose of the patent as much as use for unrelated purposes.

■ A county has only those powers expressly conferred or necessarily implied. *Transamerica Title Ins. Co. v. Cochise County,* 26 Ariz.App. 323, 548 P.2d 416 (1976). Appellee has the burden of proving that Pima County is authorized to act as agent to redeem property sold at a tax sale. *Hartford Accident and Indemnity Co. v. Wainscott,* 41 Ariz. 439, 19 P.2d 328 (1933).

■ A.R.S. Sec. 11–932 authorizes the county to acquire real property for park purposes by lease from the United States. A.R.S. Sec. 11–933 authorizes the governing body of a county to "enter into a cooperative agreement with the United States . . for the establishment, development, maintenance or administration of a public park." When appellant applied for a treasurer's deed, the United States and Pima County, acting through its Parks and Recreation Department, were negotiating a lease of the property to Pima County for park purposes. Upon receiving notice of appellant's claim, Pima County agreed to pay and the

United States authorized it to pay the funds necessary to redeem the property. We hold that this arrangement was a cooperative agreement for the establishment of a public park within the meaning of Sec. 11–933. If, as appellant contends, a cooperative agreement is the same as the lease permitted under Sec. 11–932, Sec. 11–933 would be redundant. Cf., *County of Pima v. School District No. One of Pima County*, 78 Ariz. 250, 278 P.2d 430 (1954) (parties entered into separate lease and cooperative management agreements) (agreements invalid because school district not entity authorized under Sec. 11–933 to enter into agreements). By enacting Sec. 11–933, the legislature recognized the necessity of informal agreements between counties and the United States for the establishment of public parks such as the one involved here. Pima County, therefore, was authorized to act as agent to redeem this property.

A.R.S. Sec. 42–423 requires appellee, "upon being satisfied that the person applying has the right to redeem the property, and upon payment of the amount due, . . . [to] issue to such person a certificate of redemption . . . giving the date of redemption." Appellant contends that appellee improperly issued the certificate because it named Pima County, the agent, rather than the United States, the principal, and bore a date subsequent to the date of redemption. Assuming arguendo that Sec. 42–423 requires the certificate to be issued in the name of the principal, and given that the certificate bears the wrong date, we hold that these clerical errors do not invalidate the redemption. Because the redemption was valid, appellee properly refused to issue a treasurer's deed.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.