620 P.2d 696

Daniel E. McINTYRE and Joyce McIntyre, his wife, Plaintiffs–Appellees,

v.

MOHAVE COUNTY, a body politic, Defendant–Appellant.

No. 14999–PR.

Supreme Court of Arizona, In Banc.

Oct. 7, 1980.

Leek & Lee by Terrence S. Leek, Paul Lenkowsky, Bullhead City, for plaintiffs–appellees.

Bruno & Weisberg, P. C. by Sheldon H. Weisberg, Sp. Deputy County Atty., Kingman, for defendant–appellant.

CAMERON, Justice.

We granted Daniel and Joyce McIntyre's Petition for Review of a decision and opinion of the Court of Appeals, Division One, reversing the trial court's judgment in their favor. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 23, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

The sole question on appeal is whether the Mohave County Planning and Zoning Commission complied with the notice requirements of A.R.S. § 11–822 prior to enacting a change in zoning of the McIntyre's property.

The facts are not in dispute. The Mohave County Planning Ordinance of 1965 divided the county into five areas. Each area was considered separate and distinct from the others because of planning problems unique to that area. The county seat, Kingman, was in Area No. 3 while Bullhead City and Mohave Valley were included in Area No. 2, the river planning area. On 21 March 1968, the Mohave County Planning and Zoning Commission adopted Resolution No. 68–69 zoning the property involved in this appeal A–R (agricultural–residential). On 20 June 1968, the Commission, in Resolution No. 68–135, rezoned the property R–E (residential–recreational).

Notices of public hearings on the zoning resolutions were published exclusively in the Mohave County Miner. At that time the Miner was a weekly newspaper publish-

ed in Kingman with a circulation in the Bullhead City–Mohave Valley area of two to three hundred. One Miner reporter lived in the Mohave Valley and helped prepare a section of the paper entitled "Colorado River Chronicle," which contained news and advertising from the Mohave Valley. The Miner was a "newspaper of general circulation in the county seat" pursuant to A.R.S. § 11–801(5).

At the same time, the Mohave Valley News was a weekly paper published in Bullhead City and served the Mohave Valley. The News had a circulation of about 1,600 with 600 newspapers being mailed to subscribers and the remainder being distributed through retail outlets. The major part of the advertising and news in the paper was from the Bullhead City–Mohave Valley area.

In 1975, the McIntyres acquired title to the land in question and constructed a building on the land that served as a soft water service facility. After the building was constructed, the county refused to issue a building permit because commercial use of the land was incompatible with R–E zoning. Subsequently, the McIntyres requested a zoning change, but this request was denied.

The McIntryes brought suit in the Superior Court of Mohave County claiming that Resolution Nos. 68–69 and 68–135 were invalid. The case was tried to the court without a jury. The zoning was found invalid, and judgment was in favor of the McIntyres.

Mohave County appealed and the Court of Appeals, Division One, reversed and remanded the matter to the trial court for further proceedings. We granted the McIntyre's petition for review of the opinion and decision of the Court of Appeals.

The statute in question reads in part: " * * * Before adoption of the plan or any part, amendment, extension or addition, the commission shall hold at least one public hearing thereon, after giving at least fifteen days notice thereof by one publication in a newspaper of general circulation in the county seat. *In addition,*

the notice shall be published in a newspaper of general circulation in the area to be affected, or adjacent thereto, if the area affected is other than the county seat. * * * " A.R.S. § 11–822. (emphasis supplied)

■ Strict compliance "with statutory requirements concerning the zoning aspect of the police power" is required, *Hart v. Bayless Investment & Trading Company*, 86 Ariz. 379, 390, 346 P.2d 1101, 1109 (1959), and "failure to follow the state statutory notice requirements renders a zoning ordinance void." *Pima County v. Clapp*, 23 Ariz.App. 86, 89, 530 P.2d 1119, 1122 (1975).

In interpreting statutes, this court will "ascertain and give effect to the intent of the legislature." *Mardian Construction Company v. Superior Court*, 113 Ariz. 489, 492, 557 P.2d 526, 529 (1976).

The goal of notice statutes is to inform the public:

"It is the aim of statutes requiring general circulation of a newspaper that the publication be generally read so that the contents of the notice be brought home to the public generally. (citation omitted) Consequently, we assume at the outset that where the statute requires circulation within a particular area, the aim is for the contents of the notice to be brought home to that portion of the general public within that area." *Wahl v. Hart*, 85 Ariz. 85, 87, 332 P.2d 195, 196 (1958); see *Shulansky v. Michaels*, 14 Ariz.App. 402, 484 P.2d 14 (1971).

■ Applied to the present case, the legislative objective of A.R.S. § 11–822 was to make the public, in the area affected by the zoning ordinance and in the county seat where the hearing was held, aware of the proposed zoning changes. Publication in the county seat brings this notice to the public in the area where the hearings are held. Since the area to be affected was "other than the county seat," notice also had to be published in a newspaper of general circulation in that area.

■ Words and phrases in statutes shall be "given their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended." *State v. Miller*, 100 Ariz. 288, 296, 413 P.2d 757, 763 (1966). The ordinary meaning of the words "In Addition" evidences the legislative intent that publishing notice in a paper of general circulation in the county seat is not sufficient and that something more is required.

Interpretation of this legislative intent is reinforced by comparing A.R.S. § 11–822 with A.R.S. § 11–823. Section 823 requires that the County Board of Supervisors give 15 days notice in a newspaper of general circulation in the county seat before approving a zoning resolution adopted by the County Planning and Zoning Commission. § 11–822 contains an identical requirement, but also the "In addition" notice requirement for the area to be affected. We believe that this evidences the legislative intention that the County Planning and Zoning Commission do more than publish solely "in a newspaper of general circulation in the county seat."

Mohave County, however, asserts that the above construction leads to an impossibility, and therefore the plain meaning of A.R.S. § 11–822 should not be followed. See *Robinson v. Lintz*, 101 Ariz. 448, 420 P.2d 923 (1966); *Valley National Bank of Arizona v. Educational Credit Bureau, Inc.*, 23 Ariz. App. 148, 531 P.2d 193 (1975). Respondent argues that a county without a second newspaper could not comply with A.R.S. § 11–822. This contention is speculative in nature. Respondent has not challenged the fact that in 1968 the Mohave Valley News was a newspaper published, and of general circulation, in the "area to be affected," nor has respondent presented any evidence that other counties lack two newspapers.

We conclude that A.R.S. § 11–822 requires a County Planning and Zoning Commission to publish notice in a newspaper of general circulation in, and published in, the county seat. If the area affected is other than the county seat, a second notice must be published in a newspaper of general circulation in, and published in, the "area to be affected, or adjacent thereto."

In the present case, the Mohave County Planning and Zoning Commission published notice only in the county seat. By failing to publish a second notice in a newspaper of general circulation in the area affected, the Commission failed to fulfill the notice requirements of A.R.S. § 11–822. Therefore, Resolution Nos. 68–69 and 68–135 are void. *City of Scottsdale v. Scottsdale Associated Merchants, Inc.*, 120 Ariz. 4, 583 P.2d 891 (1978); *Hart v. Bayless Investment & Trading Company*, supra.

The decision of the Court of Appeals, Division One, is reversed and its opinion vacated. The judgment of the trial court is affirmed.

STRUCKMEYER, C. J., and HAYS and GORDON, JJ., concur.

HOLOHAN, Vice Chief Justice, dissenting.

The opinion written by the Court of Appeals in this case appears to me to be well reasoned and represents the proper resolution of the case. I, therefore, note my dissent from the opinion of this court.