PER CURIAM.
The appellants, all of whom live on the islands served by the Venetian Causeway in Dade County, appeal an administrative order of the Department of Community Affairs which determines that a comprehensive plan adopted by the City of Miami *943 Beach is in compliance with the Local Government Comprehensive Planning and Land Development Regulation Act.[1]
Two main issues are presented: (1) The notice failed to inform affected Dade County residents on the mainland of the proposed action because publication in the Beaches Neighbors section of The Miami Herald, a newspaper of general circulation, did not meet the requirements of the relevant statute that the notice be circulated county-wide; (2) the RM-2 land use plan designation of the north half of Belle Island, for increased density, is inconsistent with the City Plan’s goals relating to hurricane evacuation time and historic preservation. We reverse on a holding that the notice was defective without reaching the second issue.
The advertisement of public hearings for the adoption of proposed comprehensive plans is governed by section 163.-3184(15)(e), Florida Statutes (1989), which provides that:
The advertisement shall be published [a] in a newspaper of general paid circulation in the county and [b] of general interest and readership in the community, not one of limited subject matter, pursuant to Chapter 50.
Section 163.3164(14), Florida Statutes (1989), defines a “newspaper of general circulation” as
a newspaper published at least on a weekly basis and printed in the language most commonly spoken in the area within which it circulates, but does not include a newspaper intended primarily for members of a particular professional or occupational group, a newspaper whose primary function is to carry legal notices, or a newspaper that is given away primarily to distribute advertising.
Appellees contend that these definitional provisions refer “primarily to the contents of the publication, not its geographical distribution,” and that to adopt the appellants’ interpretation — that the newspaper must be circulated throughout the entire area in which the notice is intended to be read— would be adding a requirement to the statute which does not exist. We disagree. In our view, the interpretation advanced by the appellants gives plain meaning to all the words in section 163.3184(15)(c). It is unlikely that the legislature intended that the requirement for “general ... circulation in the county” could be satisfied by showing that the newspaper is generally circulated in the county, notwithstanding that the section containing the notice has a limited circulation and readership.
The factual context of this case underscores why the appellants’ interpretation of the statute is the more reasonable. A matter of concern was whether the proposed comprehensive plan, providing for increased development intensity, would adversely impact hurricance evacuation time for beach area residents or residents on the mainland near the beaches. Those mainland county residents near the beaches, who were not reached by the notice of limited circulation, were “interested persons” entitled to notice of the administrative hearing. See Town of Bay Harbor Islands v. Driggs, 522 So.2d 912 (Fla. 3d DCA), rev. denied, 531 So.2d 1352 (Fla.1988). The Beaches Neighbors section, which circulates only within certain beachfront towns, did not satisfy the statutory requirement for county-wide notice.[2]
Reversed and remanded with directions to give a new notice which apprises all interested persons of the pendency of the action and affords them an opportunity to be heard.

. Chapter 163, Part II, Florida Statutes (1989).

. Other jurisdictions have likewise held that "general circulation” requires a distribution throughout a specified area. See e.g., McIntyre v. Mohave County, 127 Ariz. 317, 620 P.2d 696 (1980) ("where the statute requires circulation within a particular area, the aim is for the contents of the notice to be brought home to that portion of the general public within that area.”); Barrett v. Cuskelly, 52 Misc.2d 250, 275 N.Y.S.2d 280 (N.Y.Sup.1966) (“the newspaper must be circulated throughout the entire area in which the notice is intended to be read.”).