## Pumo, Appellant, *v.* Norristown Borough.

Argued April 19, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

476

*Milton Jacobson,* for appellants.

*Nicholas H. Larzelere,* for intervenor, appellee.

OPINION BY MR. JUSTICE MUSMANNO, July 17, 1961:

On May 6, 1958, the Norristown Borough Council enacted Ordinance No. 1368 (later approved by the burgess) which altered the zoning of the land therein described so as to convert it into a secondary business district.

Gasper H. Pumo and his wife, Henrietta T. Pumo, who live within 300 feet of the area affected by the ordinance, protested the ordinance and the matter eventually came on for hearing before the Court of Common Pleas of Montgomery County. The protestants attacked the ordinance on three grounds, which will be taken up in seriatium.

(1) It was asserted that the amendment was illegal because (contrary to the provisions of the zoning ordinance) certain property owners, living in the vicinity of the tract to be affected by the amendment, did not receive personal notice of the application and the subsequent hearing. The court of common pleas found that although no personal service was made on the affected property owners, they in fact did have notice of the proceedings. We agree with the court's findings and conclusions in this respect. The Act of May 4, 1927, P.L. 519, §3302, amended July 10, 1947, P.L. 1621, §93 (53 PS §48302), provides: "The council shall pro-

vide by ordinance the manner in which the boundaries of such districts shall be determined and established and from time to time amended . . . However no such boundary shall become effective until after public hearing in relation thereto at which parties in interest and citizens shall have an opportunity to be heard. *At least fifteen days' notice of the time and place of such hearing shall be published in a newspaper of general circulation in such borough.*" (Emphasis supplied)

The record shows that notice of the hearing on the proposed amendment, scheduled for April 23, 1958, appeared in the Norristown Times Herald on April 5, 1958, and that proof of this publication was filed with the zoning commission. The fact that the more stringent requirements of notice indicated in the Norristown Borough Zoning Ordinance were not followed, did not invalidate the proceedings. The Superior Court held in *Putney v. Abington Township,* 176 Pa. Superior Ct. 463, 476, that the "provisions of the zoning ordinance with respect to notice were directory only." Further that, "when the township caused notice to be published at the time and in the manner prescribed in [the enabling act], it had done all that was required to validate the ordinance."

(2) The protestants then argued that the transcript of testimony taken before the borough's zoning commission on April 23, 1958, did not show that several of the witnesses had been sworn. It so happens, however, that each of the witnesses who allegedly was not sworn (or the record does not show he or she was sworn) testified in opposition to the amendent. Thus, the protestants could not possibly have been adversely affected by what was said. Nor can it be maintained that the amendment was predicated on this allegedly unsworn testimony because, as specified, the testimony, sworn or unsworn, was rejected by the final action of the commission since it approved the amendment. The courts

do not upset the formalized action of a duly constituted body because the "i" in a wholly unnecessary word was not dotted.

The third proposition advanced by the appellants was that the amendment did not accord with a comprehensive zoning plan and did not further any of the purposes for which the zoning power can be used. The Borough of Norristown adopted its basic zoning ordinance on September 5, 1933. Under that zoning ordinance the entire tract here in question was located in a "B" Residence District. In 1950, a portion of the tract (8.7 acres) was zoned as a secondary business district, and a shopping center was erected on that portion.

By the present amendment the secondary business area was extended to embrace 19 acres for the purpose of enlarging the shopping center. *Boyle Appeal*, 179 Pa. Superior Ct. 318, the Superior Court took judicial notice of the desirability of building shopping centers distant from downtown business areas in order to alleviate the problem of parking congestion, and held that the location of such a commercial area is a matter for councilmanic consideration, deliberation, and decision. That the Borough's action in the case at bar is in accord with a comprehensive plan is readily ascertainable from the fact that the areas designated as secondary business districts, including particularly the one here involved, generally follow the main traffic arteries so that the amendment here in question merely expands the acreage of a secondary business district already established. Thus it cannot be said that the Borough, through the amendment in controversy, engaged in an unplanned land use.

In support of their position the appellants cite *Eves v. Zoning Board of Adjustment*, 401 Pa. 211, but in that case the zoning ordinance involved authorized changes on a case-by-case basis without any specified orderly planned use, which meant in the end that utilization of

the land became dependent upon the solicitation of individual landowners and the unlimited discretion of the township supervisors. But here we have something entirely different. Here we have a regulated planning by the Borough which demonstrates the recognition by the Borough of the need for the expansion of secondary business districts adjoining residential districts, following main traffic arteries. We cannot agree, therefore, that this amounts to "spot zoning" or unplanned zoning.

The fact that owners of residential properties purchased their homes prior to 1950 in reliance upon a zoning map which then indicated they were acquiring properties in a residential district, does not prohibit the municipality from amending the Zoning Ordinance, provided it does so in conformity with §§3301, 3302 and 3303 of the Act of May 4, 1927, P.L. 519, as amended by the Act of July 10, 1947, P.L. 1621, (53 PS §48301 et seq.). The amendment here in question does not offend against those requirements.

Finally, the appellants argue that the zoning power may not be used for the purpose of producing tax revenue. There is no evidence that such was the purpose of the amendment. The fact that coincidentally, and incidentally, a valid exercise of the Borough's authority in zoning may bring about an increase in tax revenue cannot invalidate the Borough's action, otherwise proper and legal.

Order affirmed; costs on appellants.