## Baden Borough Zoning Appeal

*Peter A. Homnack*, for appellant.
*Joseph S. Walko*, for respondent.

SAWYER, J., October 14, 1968.—The facts admitted in the pleadings in this case are as follows:

On September 29, 1959, the Borough Council of the Borough of Baden enacted zoning ordinance no. 488. On July 7, 1967, the Borough Council of Baden adopted, by a 5 to 2 vote, a purported ordinance no. 594 which amended the zoning ordinance by changing the zoning classification of properties facing on Phillips Street from a residential to a commercial classification. The Mayor vetoed the ordinance. On August 23, 1967, the council adopted by a 5 to 2 vote, over the Mayor's veto, the said amending ordinance no. 594. (Prior to the adoption of this ordinance, the owners of more than 50 percent of the properties adjacent to the area affected presented to the borough council a petition protesting the proposed change.)

Petitioners, as owners of property affected by the amendatory ordinance and, therefore, persons ag-

grieved, filed their petition for appeal and complaint against the legality thereof under section 1010 of The Borough Code of February 1, 1966, P. L. (1965) 1656, as amended, 53 PS §46010, on the grounds hereinafter discussed.

The first defect alleged is the failure to meet the requirement set forth in the original zoning ordinance as to three successive weeks of advertising notice of the public hearing on the proposed change. The second defect alleged is the failure to meet the original zoning ordinance requirement of an affirmative vote of six members of the council in order to enact an amendment after receipt of a protest petition. We hold that these requirements are directory only, having been adopted in the discretion of an earlier borough council and are not mandatory upon a subsequent borough council. One borough council cannot restrict the legislative powers of a subsequent borough council: Putney v. Abington Township, 176 Pa. Superior Ct. 463, (1954). Therefore, in the instant case, the failure to meet these requirements did not render the amending ordinance void.

The third defect alleged is that there was a failure to comply with the advertising requirements set forth by the State legislature in the statutes authorizing a borough to zone.

Ordinance no. 594 was intended to amend and change certain portions of the boundaries of the residential and commercial districts. The pertinent section of The Borough Code enacted by the State legislature relating to advertisement requirements for this type of ordinance is as follows:

"(b) The zoning ordinance shall provide the manner in which the boundaries of such districts shall be determined and established and from time to time amended or changed. However, no such boundary shall become effective until after public hearing in relation thereto

at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in a newspaper of general circulation in such borough": The Borough Code of Feb. 1, 1966, P. L. (1965) 1656, sec. 3202, 53 PS §48202 (b).

This statute states that the original zoning ordinance shall provide how the boundaries shall be determined and how they shall be amended from time to time. However, it is apparent that the legislature recognized that any requirements as to amendment adopted by a borough council in the original zoning ordinance would be only directory and not mandatory on a subsequent council. Therefore, the legislature added certain mandatory minimum requirements as to notice. This statute in clear language provides as a minimum requirement that *no such boundary* shall become effective until after a public hearing of which at least 15 days' notice shall have been published in a newspaper of general circulation. The statement in the statute that "*no such boundary* shall become effective" until the requirement of advertising has been met refers back to the boundaries of the districts originally determined or as amended from time to time.

We hold that the statutory requirement of a public hearing of which at least 15 days' notice of the time and place thereof shall be published in a newspaper of general circulation applies not only as to the initial zoning ordinance which establishes the boundaries of classified districts but also to any proposed ordinance which amends or changes the boundaries of any classified district.

In the instant case, it is undisputed that the newspaper advertisement of the public hearing set for Friday, July 7, 1967, appeared first on Friday, June 23rd, then on Thursday, June 29, 1967, and on Wednesday, July 5, 1967. In the Statutory Construction Act, it is

provided that when any period of time is referred to in any law, such period should be computed as to exclude the first and include the last day of such period: Statutory Construction Act of May 28, 1937, P. L. 1019, art. III, sec. 38, as amended August 11, 1959, P. L. 691, sec. 1; 46 PS §538.

In accordance with this rule of computation, the time of the public hearing on Friday, July 7, 1967, was only 14 days after the first advertisement on June 23rd; and, therefore, there was not compliance with the legislative requirement of "at least fifteen days' notice".

Municipal power to enact zoning regulations does not exist in the absence of statutory authorization. The clearly expressed and mandatory provisions of a zoning enabling statute may not be abrogated or ignored. In the instant case, the failure to follow the express provisions of the statutory law as to publication renders the enactment of ordinance no. 594 of no effect and void: Pumo v. Norristown Borough, 404 Pa. 475 (1961); Kelly v. Philadelphia, 382 Pa. 459 (1955); Fierst v. William Penn Memorial Corporation, et al., 311 Pa. 263 (1933); Pavelek v. New Sewickley Board of Supervisors, Beaver County (May 3, 1968); Morrisville Shopping Center v. Morrisville Borough, 8 Bucks 176 (1958).

ORDER

And now, October 14, 1968, for the reasons set forth in the above opinion, ordinance no. 594 of the Borough of Baden, adopted August 23, 1967, entitled, "An Ordinance of the Borough of Baden, Beaver County, Pennsylvania, amending ordinance no. 488, being 'The Zoning Ordinance' of the Borough of Baden, together with the 'zone map' or 'zoning map' thereunder, by changing the classification of lots fronting on Phillips Street from Berry Street to the borough line and north and south of Phillips Street as shown on the revised zoning map from residential to a new classification of commercial", is hereby declared to be invalid, void, and of no effect.