530 P.2d 1119

**PIMA COUNTY, a body politic; Joseph Castillo, James Murphy, E. S. Walker, Ron Asta and Conrad Joyner, duly elected supervisors in and for the County of Pima; James A. Wares, John L. Kromptich, Charles A. Brady, David E. Davies, John M. Harlow, Thomas E. Fitzgerald, Edward B. Jewitt, Jack C. Ledford and John Sudler, duly appointed members of the Pima County Planning & Zoning Commission; Alex Garcia, Pima County Planning Director; Rillito-River Road Association, Inc., an Arizona nonprofit organization; et al., Appellants,**

v.

**Walter E. CLAPP and Betty Clapp, husband and wife; George H. Amos and Edna Amos, husband and wife; Albert W. Gibson and Eunice Gibson, husband and wife, Appellees.**

No. 2 CA–CIV 1676.

Court of Appeals of Arizona, Division 2.

Jan. 30, 1975.

Rehearing Denied March 12, 1975.

Review Denied April 15, 1975.

Dennis DeConcini, Pima County Atty. by Melvin C. Cohen and Howard D. Watt, Deputy County Attys., Tucson, for appellants.

Harrison G. Dickey, Tucson, for Rillito-River Road Association, Inc.

Schorr & Karp, P.C. by S. L. Schorr, Tuscon, for appellees.

OPINION

HOWARD, Chief Judge.

This appeal challenges the propriety of a judgment directing appellants to process appellees' Villa Mesa Plat for the development of the northeast corner of the in-

tersection of River and Craycroft Roads. Finding no error, we affirm.

The court made extensive findings of fact and conclusions of law. Appellants do not dispute the factual findings.

The subject property lies within what is known as the Catalina Foothills Area Plan, which was adopted by resolution of the Pima County Board of Supervisors on June 5, 1958. The resolution adopted by the Board was as follows:

"Being an amendment of the County Plan, showing proposed zoning and location of community facilities recommended to the Board of Supervisors for official action in whole or in part, on condition that the zoning shall be made effective only after:

1. This Plan is adopted by the Board of Supervisors as presented or as it may be amended.

2. An acceptable subdivision plat conforming to the county plan so adopted shall have been reviewed by the commission and approved by the Board of Supervisors for any part of the area covered by the plat."

In 1960 the Pima County Board of Supervisors adopted Article 34 of the County Zoning Plan. This article gives the Board authority to create area and neighborhood plans. In order to implement or amend the zoning designated for a particular property under an Article 34 Area Plan it is necessary that there be notice by publication and public hearings before the County Planning and Zoning Commission and before the Board of Supervisors. The Catalina Foothills Area Plan has never been adopted as an Article 34 Area Plan, although other similar zoning plans have been readopted as Article 34 plans. The Catalina Foothills Plan is in fact not an area plan but a zoning plan. There are eight zoning plans in effect in Pima County.

The procedure formulated by the Planning Commission to implement the zoning provided for in a zoning plan has been to request the subdivision to submit the tentative plat, together with an "application for zoning" form and the requisite fee.

As of June 8, 1972, the Catalina Foothills Area Plan designated CB–1 (local business) and TR (transitional) zoning for the subject property, subject to platting requirements. On that date appellees' engineers initiated the platting procedures to implement the CB–1 and TR zoning set forth on the Catalina Foothills Plan for the subject property by submitting the customary application form and fee to the Pima County Planning Department. By letter dated June 15, 1972, the Pima County Planning Director notified appellees that their request for platting was in order, that it conformed to a valid zoning plan, and that their request would be subject to the submission of the requisite plat maps.

On August 2, 1972, a petition was filed by John Holbrook, et al purportedly pursuant to Article 34, Section 3405 of the County Zoning Plan requesting that the Planning Commission amend the Catalina Foothills Plan. Five days later, the Board of Supervisors' special counsel explained to the Board at a public hearing that the property in question was contained within and subject to a zoning plan and all that remained to be done was for the landowner to fulfill the requirements for rights-of-way, drainage, etc., necessary to effect the zoning. His opinion was that to grant the Holbrook petition would change a long-standing precedent and would lead to holding superfluous hearings. The now associate planning director (E. W. Bambauer) concurred with this opinion. Until that time the Planning Commission and the Board had never imposed a public hearing requirement for plat approval of property subject to a zoning plan.

On August 8, 1972, the Board delayed approval of appellees' plat request and zoning ordinances for the subject property until public hearings could be held.

On August 29, 1972, the Planning Commission, acting on the Holbrook petition, scheduled a public hearing on the petition. The notice for public hearing, which was

posted and published prior to the public hearing at the Planning Commission on September 26, 1972, stated:

"Col3–59–4. Catalina Foothills Area Plan. Proposal to amend the Catalina Foothills Area Plan and the general land use plan by reconsidering commercial and transitional uses at the intersection of River Road and Craycroft Road."

In a memorandum dated September 26, 1972, the associate planning director pointed out to the Planning Commission that the subject property "appears on a duly adopted Zoning Plan". At the public hearing on that date, the Planning Commission voted to recommend to the Board of Supervisors that the transitional and commercial uses designated for the subject property on the Catalina Foothills Plan be eliminated.

Prior to the public hearing before the Board on October 17, 1972, notice of the hearing was posted and published, and the notice contained the same language ("reconsidering commercial and transitional uses") as the notice preceding the Planning Commission's hearing of September 26, 1972. The County had never before employed .this language in amending zoning plans or giving notice of rezoning hearings, the typical form of notice stating that it was proposed to change *from* Zone "A" *to* Zone "B".

At the October 17, 1972 hearing, the attorney appearing in support of the Holbrook petition requested an amendment of an "Area Plan" pursuant to Article 34, Section 3405. The Board was told by the attorneys for appellees that: (i) the appellees' request for plat approval did not require a public hearing prior to passage of the effecting ordinance because the proposed rezoning was in conformity with the Catalina Foothills Plan, a zoning plan; and (ii) proper notice of the hearing on October 17, 1972 had not been made. Notwithstanding this, the Board voted that the Catalina Foothills Plan be amended by deleting the transitional and commercial uses at the intersection of River and Craycroft Roads for the subject property.

On November 1, 1972, appellees submitted 12 copies of a tentative plat (Villa Mesa Plat) to the planning director requesting that the plat be processed pursuant to article 33 of the Pima County Zoning Code. To make it clear that appellees were seeking only plat approval, their attorney withdrew their "application for zoning" form and reiterated appellees' request for plat approval.

On November 28, 1972, the planning director stated in a letter to appellees' attorney that the submitted plats could not be processed because the Board of Supervisors had amended the Catalina Foothills Plan on October 17, 1972. Appellees appealed the denial of plat approval but said appeal was denied by the Board.

In a special action appellees challenged appellants' actions. The court below, relying on Hart v. Bayless Investment & Trading Co., 86 Ariz. 379, 346 P.2d 1101 (1959), ruled that appellants had exceeded their jurisdiction and ordered that appellees' Villa Mesa Plat be processed and approved forthwith. The court concluded that in its actions of September 26, 1972 and October 17, 1972, in attempting to amend the Catalina Foothills Plan, a zoning plan, Pima County followed the provisions of Article 34 area plan and purposely failed to follow whatever additional procedural steps are required by Article 29 of the county zoning plan such as giving notice by mail to all property owners within a zoning district and all property owners within 300 feet prior to the hearing at the Planning Commission. Appellants appealed.

Appellants claim their actions were proper for any of three reasons: First, appellees had actual notice of the public hearing; second, they complied with all state statutory notice requirements; and third, they complied with the notice requirements of Article 34 of the Pima County Zoning Plan.

As far as compliance with Article 34 is concerned, it is clear that the Catalina

Foothills Area Plan is not an Article 34 Area Plan. For example, the implementation of a zoning plan such as the Catalina Foothills Plan differs from that of the area plan. In order to implement the zoning called for in the zoning plan it is only necessary for the applicant to submit an acceptable subdivision plat conforming to the zoning plan, have it reviewed by the planning commission and approved by the Board of Supervisors. In order to implement the zoning designated in an area plan, one must petition the Board for a change of zoning and public hearings must be held. Therefore, compliance with Article 34 notice requirements was not sufficient.

It is clear that failure to follow the state statutory notice requirements renders a zoning ordinance void. Hart v. Bayless Investment & Trading Co., supra. Yet, in addition to the state statutory requirements, Article 29, Sec. 2909 of the County Zoning Plan requires mailing of written notice to all owners of property within the zoning district and to the owners of all properties within 300 feet or more as the Commission may determine necessary to provide reasonable notice. This was intentionally not done in this case. Article 29, Sec. 2909.01 provides that the notice by mail is in addition to that required by A.R.S. § 11–829. The latter statute provides that notice of a proposed amendment to a zoning ordinance be given by publication and by posting the area included in the change. The Board did follow the provisions of A.R.S. § 11–829. In addition, Article 29, Sec. 2909.01 of the county plan provides:

"2909.01 FAILURE OF NOTICE NOT INVALIDATION: The failure to give written notice by mail in compliance with the provisions of this article shall not invalidate an ordinance, such mailed notice being in addition to that required by A.R.S. 11–829, *provided such failure was not intentional,* nor shall the omission of the name of any owner or occupant of property who may be affected by such amendment, supplement, modification or change invalidate any ordinance adopted hereunder, it being the intention of this section so far as may be possible to provide a notice to be given to persons substantially interested in the proposed change that such a proposed ordinance is pending before the Commission and the Supervisors which proposes to amend, supplement, modify or change the boundaries of zoning districts." (Emphasis added).

What is the result when the Board follows the state statutes relative to notice but fails to follow the additional requirements of its own ordinance? In Pumo v. Borough of Norristown, 404 Pa. 475, 172 A.2d 828 (1961), the property owners asserted that an amendment to the zoning ordinance was illegal in that certain property owners living in the vicinity of the tract to be affected by the amendment did not receive personal notice as required by the local zoning ordinance. The trial court found that although no personal service was made on the affected property owners they did in fact have notice of the proceedings and held the ordinance valid. The record in the trial court showed that the local zoning commission followed the state statute notice requirements. The Pennsylvania Supreme Court affirmed the trial court, holding that the local ordinance requirements on notice were directory only and not mandatory.

The difficulty with applying the *Pumo* rationale to the case at bench is found in the language of Sec. 2909.01 itself. The plain implication of its language is that if the mailing requirement is intentionally omitted, the ordinance is invalid. Questions as to whether the language is mandatory, or directory are irrelevant since the ordinance itself sets forth the result of an intentional failure to mail notices. As was stated in Kubby v. Hammond, 68 Ariz. 17, 198 P.2d 134 (1948):

"Zoning ordinances, being in derogation of common law property rights, will be strictly construed and any ambiguity

or uncertainty decided in favor of property owners." 68 Ariz. at 22, 198 P. at 138.

The notice requirement of Sec. 2909.01 is not in conflict with the state statutes. It is an additional requirement more calculated to afford due process. The intentional failure to follow Sec. 2909.01 renders the amending ordinance void.

Affirmed.

HATHAWAY and KRUCKER, JJ., concur.