## Swinehart v. Borough of Pottstown

*Arthur F. Loeben, Jr.,* for appellants.
*Ronald H. Reynier,* for appellee.

STANZIANI, *J.,* March 12, 1976 —

## CASE SUMMARY

Stanley and Viola Swinehart, appellants herein, are the owners of a 5.6 acre tract of land located in the 6th ward of the Borough of Pottstown, appellee herein. An amendment to the Pottstown Zoning Ordinance whereby land in the 6th ward zoned R-3 would be rezoned to R-1, a more restrictive classification, was proposed by the Pottstown Borough Council. The effect of the amendment, inter alia, would be to rezone appellants' property. On October 31, 1973, a public hearing on the zoning amendment was held and thereafter, on January 23, 1974, the ordinance was enacted into law by the Burgess and Town Council of the Borough of Pottstown.

Appellants perfected an appeal, on February 20, 1974, from the enactment of the ordinance, citing substantive and procedural bases for their conclusion that the ordinance was improperly enacted. Appellees then filed a motion to quash the appeal contending appellants failed to follow the proce-

dure mandated by the Municipalities Planning Code as the exclusive means for securing review of the substantive validity of an ordinance adopted pursuant to that code. After argument before this court en banc, the motion to quash was granted insofar as the appeal raised substantive questions concerning the validity of the ordinance but was dismissed to the extent the appeal raised procedural questions. Dismissal of the substantive aspect of the appeal was without prejudice to the proper reinstitution of such an appeal.

The procedural issues raised by the zoning appeal came before the court en banc on December 15, 1975 and on January 13, 1976, the court en banc entered an order dismissing the procedural aspect of the appeal. Appellants then filed the instant appeal to the Commonwealth Court on February 2, 1976.

## FACTS

The Pottstown Borough Council, hereinafter the council, at a regularly stated meeting held July 9, 1973, passed a resolution fixing a hearing date of August 20, 1973 for a public hearing on a proposal initiated by the council to rezone property in the 6th ward of the Borough of Pottstown, including appellants' property, from an R-3 classification to the more restrictive R-1 classification.

On July 9, 1973, appellants' attorney directed correspondence to the council advising of his representation of appellants, noting his objection to any zoning change, and requesting notice of the particulars of the hearing. By correspondence dated July 12 and July 16, 1973, appellants' attorney advised the council that his vacation plans and those of a principal witness conflicted with the

August 20 hearing date and requested a continuance. The hearing date was continued on that basis and was subsequently continued again, upon the request of the council, to October 31, 1973.

At a special meeting held October 12, 1973, the council adopted a resolution formally setting October 31, 1973 as the hearing date. Notice of the date, time and place of the hearing was published in a Pottstown newspaper on October 15 and October 22, 1973. The council claims to have orally notified appellants' attorney of this date for hearing. By letter of October 2, 1973 directed to the council, appellants' attorney requested certain documents "In preparation for the October 31 zoning hearing."

The zoning hearing was held October 31, 1973. After objecting preliminarily to the legality of the hearing on the basis of inadequate notice and the setting of the final hearing date at a special meeting of council, which objections were dismissed, appellants' attorney attempted to call individual members of council as appellants' witnesses but the solicitor for the council refused to permit council members to testify. The council then presented a consultant to the Borough Planning Commission as a witness. Following the consultant's testimony, appellants' attorney requested cross-examination of the witness but was denied. A member of council, however, was permitted to ask questions of this witness. Appellants then presented the testimony of a land use expert contra the proposed zoning change which presentation also included charts and documentary exhibits. At the conclusion of this witness' presentation, appellants opened the floor to anyone who wished to

question the witness. Appellants' son, holder of a power of attorney from his father and himself a landowner in the area in question, also testified in opposition to the proposed zoning change. He claimed neither he nor his father received notice of the hearing. Finally, private citizens were permitted to express their views.

On January 23, 1974, appellee enacted an ordinance rezoning the subject area from R-3 to R-1 based on the council's determination, as a result of the hearing, that the rezoning was in the best interests of the public health, safety and general welfare.

## ISSUES

ISSUE ONE. Under the Pottstown Borough Zoning Code and the Municipalities Planning Code, may a public hearing on a proposed zoning amendment properly be held where the time and place of said hearing were originally fixed by resolution adopted at a stated meeting of the Borough Council but a continued hearing date was later fixed at a special meeting of the borough council?

ISSUE TWO. Were appellants afforded requisite notice of the public hearing in accord with the Pottstown Borough Zoning Code and the Municipalities Planning Code?

ISSUE THREE. At a public hearing on a proposed zoning amendment are members of the public, through their attorney, precluded from calling members of the governing body of the municipality as witnesses and from examining or cross-examining witnesses called to testify by the municipality and are these issues substantive or procedural in nature?

## DECISION

ISSUE ONE

Conclusion — The date, time and place of the public hearing on the proposed zoning amendment were fixed in accord with both the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. §10101 et seq., the controlling law, and the Pottstown Borough Zoning Code.

Appellants insist the hearing was improperly held since the date, time and place thereof were not fixed at a stated meeting of the council as required by Section 202.3 of the Pottstown Borough Zoning Code, which provides as follows:

"In any case where a public hearing is to be held by Borough Council on a proposed amendment, Council by resolution adopted at a stated meeting shall fix the time and place of the public hearing on the proposed amendment and cause notice thereof to be given in accordance with the provisions of Section 1221[1] of this ordinance."

It is unrefuted that the original hearing date in this matter was adopted at a stated meeting of council and it was only the continued hearing date, a continuance having first been requested by appellants, which was fixed by resolution adopted at a special meeting of council. It follows that appellants must be considered to have waived any objection in this regard since it was they who initiated postponement of the first scheduled hearing. Further, the Municipalities Planning Code contains no requirement that a hearing date be fixed at a stated meeting of the governing body of a municipality and in fact its mandate is far less

---

1. Now section 162.

stringent than that of section 202.3 of the Pottstown Borough Zoning Code. The Municipalities Planning Code provides in pertinent part as follows:

"Before voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice." Act of July 31, 1968, P.L. 805, art. VI, sec. 609, 53 P.S. §10609 as amended.

Notice requirements of a zoning ordinance are directory only insofar as they exceed the notice requirements prescribed by the enabling act. Hence, failure to follow the requirements of the ordinance will not invalidate the proceedings when notice is published in accord with the enabling act, here the Municipalities Planning Code: Pumo v. Norristown Borough, 404 Pa. 475, 172 A.2d 828 (1961); Putney v. Abington Township, 176 Pa. Superior Ct. 463, 108 A.2d 134 (1954). Since the Municipalities Planning Code does not require a resolution fixing the date of the public hearing to be set at any type of meeting of the governing body, appellee's procedure in this respect cannot be faulted. Finally, it is readily apparent that appellants were aware of the hearing date well in advance and their thorough presentation of the hearing negates any notion of prejudice to them.

ISSUE TWO

Conclusion — Appellants were afforded notice of the public hearing on the proposed zoning amendment in accord with the Municipalities Planning Code, the controlling law.

Appellants argue that the proceedings are nugatory because notice of the public hearing was not given in compliance with sections 162(1)(a)

and 162(1)(d) of the Pottstown Borough Zoning Code, which provide as follows:

"1. The notice of public hearing shall be given as follows:

"(a) By publishing a notice thereof, not more than thirty (30) days and not less than fourteen (14) days in advance of such hearing, once each week for two successive weeks, in a newspaper of general circulation in the Borough.

"(d) By mailing or delivering a notice thereof to every resident or association of residents of the Borough or other interested party who shall have registered their names and addresses for this purpose with the Borough for the current year."

As noted supra, the Municipalities Planning Code requires only that the public hearing be held pursuant to public notice: Act of July 31, 1968, P.L. 805, art. VI, sec. 609, as amended, 53 P.S. §10609. The term public notice is defined in the Planning Code as follows:

" . . . notice published once each week for two successive weeks in a newspaper of general circulation in the municipality. Such notice shall state the time and place of the hearing and the particular nature of the matter to be considered at the hearing. The first publication shall be not more than thirty days or less than fourteen days from the date of the hearing." Act of July 31, 1968, P.L. 805, art. I, sec. 107, as amended 53 P.S. §10107 (18).

The record indicates that notice of the October 31 hearing, in the form required by statute, was published October 15 and 22. The first publication was therefore clearly more than fourteen days but less than 30 days from the hearing date, in full compliance with the Municipalities Planning Code. Whether this notice also complied with the

Borough Zoning Code is unclear due to the ambiguity in that code rendering it uncertain whether both notices or only the first notice must be published fourteen to thirty days prior to the hearing. Determination of that issue, however, is not controlling since the notice requirement of the Municipalities Planning Code was unquestionably met: Pumo v. Norristown Borough, supra; Putney v. Abington Township, supra.

It is uncontroverted that appellee did not mail or deliver written notice to appellants, who had registered their objections to the zoning change with appellee and requested notice. This fact, however, does not render the proceedings void. Nor is it necessary for the court to determine the merits of appellee's contention that notice was given orally to appellants and therefore complies with the Borough Zoning Code since no provision therein requires the notice to be written. Analysis of the notice provisions of the Municipalities Planning Code reveals no provision permitting registration of objections to a zoning change and requiring a municipality to give notice of public hearings regarding that zoning change, either in writing or orally, to such registrants. Again, the Municipalities Planning Code must be held to be the controlling law: Pumo v. Norristown Borough, supra; Putney v. Abington Township, supra.

## ISSUE THREE

Conclusion — At a public hearing on a proposed zoning amendment, members of the public may not, through counsel or otherwise, examine or cross-examine witnesses called to testify by the municipality and may not call members of the

governing body of the municipality as witnesses, these issues being procedural in nature and properly considered in this appeal.

The major issues raised by this appeal center on the propriety of the ruling at the public hearing to the effect that appellants could not call members of Council as witnesses and could not examine or cross-examine the expert witness presented by appellee. Initially, the court considers these issues as challenging the validity of the procedural means by which the ordinance was enacted, the conduct of the public hearing being purely a procedural matter in the Court's view, and thereby concludes the issues to have been properly raised by this appeal limited to procedural questions.

Resolution of these issues necessitates an inquiry into the nature of the hearing envisioned by the Municipalities Planning Code upon a proposed amendment to a zoning ordinance initiated by a governing body.

Section 609 of the Municipalities Planning Code, supra, which pertains to enactment of zoning ordinance amendments, states only the following with regard to the nature of the hearing required to be held:

"Before voting on the enactment of an amendment, the governing body shall hold a *public hearing* thereon, pursuant to public notice." (Emphasis supplied.)

Section 609 makes no reference to any other section governing the conduct of such public hearing nor does the Municipalities Planning Code contain any general definitional section germane to the issue.

In contrast, section 609.1 of the Municipalities Planning Code, Act of June 1, 1972, P.L. 333 (No. 93), sec. 609.1, 53 P.S. §10609.1, which defines

the procedure by which landowners so desiring may challenge the substantive validity of a zoning ordinance or map prohibiting or restricting use or development of land in which they have an interest by submitting a curative amendment and requesting a hearing thereon, provides, in pertinent part, as follows:

"The hearing shall be conducted in accordance with subsections (4) to (8) of section 908. . . ."
Subsections (4) and (5) of section 908, Act of July 31, 1968, P.L. 805, art. IX, sec. 908, as amended, 53 P.S. §10908 refer to calling witnesses and cross-examination in the following language:

"(4) The chairman or acting chairman of the board or the hearing officer presiding shall have power to administer oaths and issue subpoenas to compel the attendance of witnesses and the production of relevant documents and papers, including witnesses and documents requested by the parties.

"(5) The parties shall have the right to be represented by counsel and shall be afforded the opportunity to respond and present evidence and argument and cross-examine adverse witnesses on all relevant issues."

Comparative analysis of sections 609 and 609.1 points up an obviously conscious legislative distinction between the manner in which hearings on zoning ordinance amendments and hearings on proposed curative amendments are to be conducted. Hearings on amendments to a zoning ordinance are to be conducted within the parameters of the term "public hearing" with no express right of subpoena and cross-examination such as is explicitly afforded in hearings regarding curative amendments.

Although the term "public hearing" remains

undefined by the Municipalities Planning Code, judicial interpretation of the term is found in the case of Kurren Appeal, 417 Pa. 623, 208 A.2d 853 (1965). In Kurren, a city caused notice to be published stating that, at a designated time and place, city council would consider the adoption of a zoning ordinance. The issue before the Supreme Court of Pennsylvania was whether such notice satisfied The Third Class City Code, Act of June 23, 1931, P.L. 932, sec. 4112, as amended, 53 P.S. §39112, requirement that notice of a public hearing be published. In holding that notice of consideration of the adoption of a zoning ordinance was not notice of a public hearing on that topic, the court succinctly defined hearing in that context to be " . . . meetings at which members of the public were given the right to air their views before the council . . . "417 Pa. 623, 629.

The proceeding before the council in this matter was obviously conducted in the manner contemplated by Kurren. Appellants, as members of the public, as well as other members of the public were permitted to air their views and support them with expert testimony and documentary evidence. Although the interests of justice might well be better served if cross-examination by counsel were permitted, it cannot be said that refusal to permit formal cross-examination in and of itself operates so as to preclude the production of competent, relevant evidence on the issues raised at the hearing, such being the purpose of the hearing.

Since the function of the hearing was primarily to gauge public opinion and to ascertain the reasoning behind such opinion as presented by the public and experts on their behalf, it follows that the action of the legislature in not giving parties

subpoena power is entirely consistent with the nature of the hearing. Members of the public and experts willing to testify on their behalf are permitted to be heard. Presumably this includes council members who abstain from voting due to conflict of interest; however in this type of hearing the public should not have the power to call council members who have not otherwise indicated a desire to testify and the Borough solicitor properly refused to permit appellants the unlimited right to call council members as witnesses.