613 P.2d 1289

Phil CHESS and Sheva Chess, husband and wife, Plaintiffs/Appellants,

v.

PIMA COUNTY, a body politic, E. S. Walker, Conrad Joyner, Katie Dusenberry, Sam Lena, David Yetman, duly elected Supervisors in and for the County of Pima; Barbara Sears, Betty Westmoreland, Joseph Stephens, Ward D. Miller, John M. Sudler, Oscar Truex, Maurice Schlossberg, Marybeth Carlile, Sonny Rickles, Catherine Ryers, duly appointed members of the Pima County Planning & Zoning Commission; and Alex Garcia, Pima County Planning Director, Defendants/Appellees.

No. 2 CA–CIV 3464.

Court of Appeals of Arizona, Division 2.

May 21, 1980.

Rehearing Denied June 25, 1980.

Review Denied July 15, 1980.

Donald E. Gabriel, Tucson, for plaintiffs-appellants.

Stephen D. Neely, Pima County Atty. by G. Lawrence Schubart, Deputy County Atty., Tucson, for defendants-appellees.

## OPINION

HOWARD, Judge.

Appellants contend the trial court erred when it denied their motion for summary judgment and granted the county's motion. We affirm.

The county has asked us to dismiss the appeal or strike certain documents which it claims are not properly part of the record. We need not respond to this request since the record shows, even considering these alleged offending documents, that the trial court did not err.

The main issue is whether appellants are entitled to have their land rezoned from SR (suburban ranch) zoning to TR (transitional) zoning. We shall view the facts in the light most favorable to appellants. *Joseph*

*v. Markovitz,* 27 Ariz.App. 122, 551 P.2d 571 (1976).

Appellants' land consists of 14 acres located 360 feet south and ¼ mile west of the intersection of Sunrise Drive and Sabino Canyon Road. On December 8, 1978, they submitted to the county a plat for the commercial development of this land and a request that it be rezoned to TR. At that time there existed the same Catalina Foothills Area Plan which was involved in the case of *Pima County v. Clapp,* 23 Ariz.App. 86, 530 P.2d 1119 (1975). Under this plan certain proposed zoning could be effectuated after an acceptable subdivision plat conforming to the county plan had been reviewed by the Pima County Planning and Zoning Commission and approved by the board of supervisors. The existing zoning in the area was SR and the proposed zoning was CR–1, which permitted a higher density residential area. The plan also proposed CB–1 (local business) and TR at certain designated intersections, one of which was the intersection of Sunrise Drive and Sabino Canyon Road.

The county planning department would not certify that appellants' request was in conformance with the Catalina Foothills Area Plan and referred the request to the planning and zoning commission.

In the meantime, the planning and zoning commission, on its own motion, had proposed an amendment to the Catalina Foothills Area Plan which would delete the proposed CB–1 and TR zoning at certain intersections, including that at Sunrise and Sabino Canyon Road. A public hearing was held on February 20, 1979, and the board of supervisors adopted the recommendation of the commission.

The planning and zoning commission refused appellants' request on the ground that the application was moot due to the amendment of the plan. Appellants filed a special action in the superior court to force the board of supervisors to grant their request.

The record shows that the county, pursuant to A.R.S. Sec. 11–829(D) held a public hearing on the proposed amendment. Notice of the meeting was mailed to appellants and posted. Appellants contend that *Pima County v. Clapp,* supra, required the county to follow the procedures set forth in Article 29 of the county zoning plan which it failed to do. Appellants' reliance on *Pima County v. Clapp,* supra, is misplaced. That case involved an amendment to the zoning proposed by a private individual. That is not the situation here. Article 29 of the zoning plan does not apply to amendments to the plan initiated by the planning and zoning commission.

Appellants contend that there is a material issue of fact because a person named Edwin Moore said in his affidavit that he did not understand the notice of the hearing which he received and had to call Pima County to find out whether his land was affected. They also point to the deposition of Alex Garcia, the county planning director, wherein he states that from the face of the notice itself one could not determine whether the zoning of this property was going to be changed.

■ Notice of a public hearing is adequate if it affords an opportunity to any person, by the exercise of reasonable diligence, to determine if his property would be affected and to what extent. *East Camelback Home Owners Association v. Arizona Foundation for Neurology and Psychiatry,* 18 Ariz.App. 121, 500 P.2d 906 (1972). The notice which was sent to appellants was as follows:

"(Co9–78–167 SUNRISE DRIVE–SABINO CANYON ROAD REZONING) To rezone approximately 170 acres in the vicinity of the intersection of Sunrise Drive and Sabino Canyon Road from any TR and CB–1 zoning proposed by the Catalina Foothills Area Plan but unallocated by the Pima County Planning and Zoning Commission and Board of Supervisors, to GR and CR–1. The acreage and properties encompassed by this proposal do not constitute an admission of legitimacy of any claims for unallocated TR or CB–1 proposed by the Catalina Foothills Area Plan but instead are intended to include all claims for said unallocated zoning that have been made or might be made with or without legitimate reason."

From the reading of the above notice it is clear that there was no material issue of fact as to the adequacy of the notice. It is adequate and satisfies the requirements of due process.

Appellants contend that there is a material issue of fact as to whether or not the zoning amendment is vague. We have read the amendment and it clearly eliminates the CB–1 and TR zoning at the intersection of Sunrise Drive and Sabino Canyon Road. It is not vague.

Appellants make other claims based upon the affidavit of Edwin Moore. This affidavit fails to comply with Rule 56(e), Arizona Rules of Civil Procedure, 16 A.R.S., since it contains conclusions and fails to show that the affiant is competent to testify to the matters stated therein. The county objected to it on those grounds and although the trial court did not rule on the objection, we presume that it did not consider the improper matters contained in the affidavit. Cf. *State v. Gunther & Shirley Company*, 5 Ariz.App. 77, 423 P.2d 352 (1967).

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.