Henry Shoener et al., Appellants *v*. The Schuylkill County Board of Commissioners and Tarcon Land Company, Inc., Appellees.

Argued September 16, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Charles M. Miller, Rubright, Domalakes, Troy & Miller,* for appellants.

*Pasco L. Schiavo,* for appellees.

OPINION BY JUDGE ROGERS, November 1, 1982:

The appellants are the Mary-D Community Association described in the record as an unincorporated

association of homeowners, and some of its members whose properties are located near a 37 acre tract of land in Schuylkill County owned by Tarcon Land Company, Inc., (Tarcon), an appellee. The issue presented by the appellants is that of the propriety of the procedures undertaken by the Board of Commissioners of Schuylkill County in amending the county zoning ordinance by removing Tarcon's land from the "M-Mining" district and placing it in the "R-2 Single Family Residential" district so that Tarcon might build dwelling homes. The Schuylkill County Court of Common Pleas held that the county's procedures were without defect.

The appellants raised in their notice of appeal filed in the common pleas court pursuant to Sections 1003 and 1008 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§11003, 11008, the following procedural defects in the process of the enactment of the amendment:

> a. Notice of [Tarcon's] request for amendment was not received by your Petitioners in accordance with Section 901(B) of the Schuylkill County Zoning Ordinance....
> b. No recommendations of the Planning Commission were submitted to the Respondent, the Schuylkill County Board of Commissioners; and
> c. The Application for amendment did not conform to Section 902 of the said Schuylkill County Zoning Ordinance in that the Respondent, Tarcon Land Company, Inc. did not submit photographs of the area to be rezoned and the abutting areas....

As appears, the appellants alleged no deviation from the procedures for adopting amendments required by Sections 609 and 107(18) of the MPC. In *Pumo v. Norristown Borough*, 404 Pa. 475, 172 A.2d 828 (1961)

the Supreme Court held that where the governing body has complied with the procedures prescribed by the enabling statute, the fact that more stringent requirements of the zoning ordinance were not followed does not invalidate the proceedings.

Although *Pumo* would seem to control the decision here, we will, as the common pleas court did, comment briefly on the appellants' allegations of violations of procedural requirements provided by the Schuylkill County Zoning Ordinance. Section 901(B) of the ordinance requires the county to mail notices of their public hearing to owners of properties within 500 feet of the land which is the subject of the proposed amendment. The appellants complain not that the notice was not sent to Mary-D Community Association, but that the receipt for the certified mail was signed by someone other than an officer or trustee. However, the ordinance places no responsibility on the county for assuring that an officer or trustee of an unincorporated association signs for its mail. Further, an officer of Mary-D and other members appeared at the public hearing and spoke at length in opposition to the amendment.

Section 904 of the zoning ordinance requires all proposed amendments to be referred to the Planning and Zoning Commission "for recommendation and report which shall not be binding." The appellants complain that no recommendations were submitted to the Board of Commissioners. We note that in the record that the court fixed a date for hearing, but that this was continued at the request of counsel and that the court thereupon removed the matter from its hearing list. No evidentiary hearing was thereafter held or requested and the case was decided on the record of the county's proceedings certified to the court. The fact that this record did not contain recommendations of the Planning Commission does not establish, as it

was the appellants' burden to do, that no such recommendations were in fact made. Further, since the Planning Commission's recommendations if submitted would not be binding, they would be of no controlling effect even if they were adverse to the application for amendment.

Section 902(B) of the ordinance requires that the application for amendment submitted to the county should include photographs of the area. The appellants complain that no photographs were submitted. Again, although no photographs are in the record certified to the court in response to the zoning appeal, there is no evidence that none were in fact submitted to the Board of Commissioners, as again the appellants were bound to prove. Moreover, since the photographs would be simply aids to the commissioners' considerations, their absence could certainly be excused by the commissioners who seem to have been entirely familiar with the land under consideration and its surroundings.

Order affirmed.

ORDER

AND Now, this 1st day of November, 1982, the order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is hereby affirmed.