NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WELLS FARGO BANK, N.A., *Plaintiff/Appellee*,

*v.*

WILLIAM A. HOSKYNS, et al., *Defendants/Appellants*.

No. 1 CA-CV 17-0409
FILED 6-7-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-013555
The Honorable Lori Horn Bustamante, Judge

**AFFIRMED**

COUNSEL

Ball Santin & McLeran, P.L.C., Phoenix
By James B. Ball
*Counsel for Plaintiff/Appellee*

William A. Hoskyns, Phoenix
*Defendant/Appellant*

Susan P. Hoskyns, Phoenix
*Defendant/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

¶1          William and Susan Hoskyns appeal the trial court's order granting summary judgment in favor of Wells Fargo Bank, N.A. (the Bank). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2          In September 2016, the Bank filed a complaint against the Hoskyns for breach of contract, alleging they had personally guaranteed a business line of credit on which the borrower, Darwin House, Inc. (Darwin), had defaulted.  Service was completed via alternative means in December 2017.  After the Hoskyns answered and denied liability, Wells Fargo moved for summary judgment.

¶3          In support of its motion, the Bank attached an affidavit from a loan adjuster, the signed Loan Application, a Customer Agreement, and a current account statement.  Together, these documents show that both William and Susan Hoskyns executed a personal guaranty on a business line of credit issued to Darwin in February 1997 and, through their signatures, agreed to the terms and conditions of the Customer Agreement. According to the Customer Agreement, Darwin agreed to pay, "when due, the total of all purchases and advances made on [the] account." Additionally, the Hoskyns agreed within the Loan Application that they would be "personally liable for the entire debt incurred on the Account." Indeed, the section immediately above the Hoskyns' signatures, titled "AGREEMENT AND PERSONAL GUARANTY" stated:

> The signer(s) further unconditionally guarantees and promises to pay any and all Applicant's obligations to Bank arising under or relating to this application and agreement and the Customer Agreement, as well as any extensions, increases, modifications, or renewals thereof.  Signer(s) waives (i) presentment, demand, protest, notice of protest and notice of nonpayment, (ii) the right to require Bank to proceed

against Applicant or any other guarantor, and (iii) the right to require Bank to pursue any remedy in connection with the guaranteed indebtedness, or to notify guarantors of any additional indebtedness incurred by the Applicant or any changes in the Applicant's financial condition, and (iv) any defense arising by reason of any defenses of the Applicant or other guarantor. Signer(s) authorizes Bank, without prior notice or consent, to (a) extend, modify, compromise, accelerate, renew, increase or otherwise change the terms of indebtedness guaranteed hereunder, (b) proceed against one or more signer without proceeding against the Applicant or another guarantor, and (c) release or substitute any party to the indebtedness of this guaranty. Signer(s) agrees to pay Bank's costs and attorney's fees in enforcing this guaranty. This guaranty shall benefit the Bank and its successors and assigns.

Darwin eventually incurred charges of $100,863.68 but failed to make payments as required, and the Hoskyns thereafter failed to cure the default.

¶4 In response, the Hoskyns admitted signing the Loan Application in a section titled "Agreement and Personal Guaranty" but claimed to have signed only as agents of Darwin and denied any personal responsibility for the debt. They also challenged the loan officer's knowledge of the transaction and alleged the Bank was withholding documents necessary to their defense — specifically, a promissory note they believed was necessary to prove liability. The Hoskyns did not dispute the amount of the charges reflected upon the account statement or the contents of the documents the Bank produced in support of its motion.[1] Nor did the Hoskyns ask for additional time to complete discovery, asserting only that the Bank "failed to prove the case."

¶5 In April 2017, while the motion for summary judgment was pending, the Hoskyns requested the case be referred for arbitration. The trial court denied the motion as untimely.

---

[1] Although the Hoskyns did assert the paperwork had been "written on by Wells Fargo employees after signing," they did not elaborate on how the purported alterations were relevant to the Bank's claim. Moreover, the operative portions of the documents are typewritten.

¶6　　　　After reviewing the record, the trial court determined the Bank had provided evidence to support its claim, which the Hoskyns had failed to refute, and entered judgment in the Bank's favor in the amount of $100,863.68. The Hoskyns timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1)[2] and -2101(A)(1).

**DISCUSSION**

**I.　　Service of Process**

¶7　　　　The Hoskyns first suggest the trial court erred in permitting the Bank to effectuate service of process through alternative means. To the extent the Hoskyns believed service of process was insufficient, they were required to assert the defense in their first responsive pleading. Ariz. R. Civ. P. 12(b)(5). Having failed to do so, the argument is waived. *See* Ariz. R. Civ. P. 12(h)(1).

**II.　　Arbitration**

¶8　　　　The Hoskyns also argue the trial court erred in failing to refer the matter to arbitration. "We review the denial of a motion to compel arbitration *de novo*." *Sun Valley Ranch 308 Ltd. P'ship v. Englewood Props., Inc. v. Robson*, 231 Ariz. 287, 291, ¶ 9 (App. 2012) (citing *Nat'l Bank of Ariz. v. Schwartz*, 230 Ariz. 310, 311, ¶ 4 (App. 2012)).

¶9　　　　The Bank sought damages in excess of $100,000, and the claim was therefore not subject to compulsory arbitration. *See* A.R.S. § 12-133(A)(1) (permitting counties to set jurisdictional limits for compulsory arbitration not to exceed $65,000). Moreover, according to the specific language of the Customer Agreement, any party may demand a dispute be resolved by binding arbitration if made "not more than 60 days after service of a complaint." The record reflects the Hoskyns were served with the complaint in December 2016 and answered in January 2017. Their request for arbitration was not made until April 2017, after the sixty-day deadline had expired. We find no abuse of discretion.

**III.　　Summary Judgment**

¶10　　　　The Hoskyns argue the trial court erred in granting summary judgment because they were unable to properly oppose the motion after the

---

[2]　　　Absent material changes from the relevant date, we cite the current version of rules and statutes.

Bank withheld information crucial to their defense. But "[i]f an opposing party cannot present evidence essential to justify its opposition," it must file a request for relief pursuant to Arizona Rule of Civil Procedure 56(d). The request must be supported by an affidavit specifying the grounds for the request and detailing what the party believes the evidence will reveal. Ariz. R. Civ. P. 56(d)(1). A party who, instead, moves forward with a response may not later argue that judgment was granted prematurely. *Best v. Edwards*, 217 Ariz. 497, 504, ¶ 30 (App. 2008) (citing *Wells Fargo Credit Corp. v. Smith*, 166 Ariz. 489, 493 (App. 1990), and *Heuisler v. Phx. Newspapers, Inc.*, 168 Ariz. 278, 282 (App. 1991)).

**¶11** Here, the Hoskyns neither requested a continuance, nor filed an affidavit identifying the discovery they needed or explaining why they could not present facts necessary to oppose summary judgment. Accordingly, the trial court did not err in considering the merits of the motion.

**¶12** The Hoskyns argue the trial court erred in relying upon the loan officer's affidavit, asserting the officer was not competent to testify because she did not have personal knowledge regarding the loan at issue. An affidavit in support of summary judgment may be considered if it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant is competent to testify on the matters stated." Ariz. R. Civ. P. 56(c)(5); *see also Villas at Hidden Lakes Condos. Ass'n v. Geupel Constr. Co.*, 174 Ariz. 72, 81 (App. 1992) (citing *Portonova v. Wilkinson*, 128 Ariz. 501, 502 (1981)). Personal knowledge and competency may be inferred from the affidavit itself. *See, e.g.*, *In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) (inferring a company's credit manager had personal knowledge regarding the industry's ordinary credit practices).

**¶13** Within her affidavit, the loan officer avowed that, by virtue of her position within the Bank, she had personal knowledge regarding the manner in which the Bank collects and keeps its business records. She noted that the records generated by the Bank are made "at or near the time of the record by someone with knowledge of the transaction" and are then maintained by the Bank "in the course of its regularly conducted business activities." She then discussed her conclusions, based upon her review of the Bank's records, which are attached to, and referenced within, the affidavit. By these avowals, the loan officer proved she was competent to testify as to the authenticity and contents of the Bank records. *Contra Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 214, ¶¶ 18-20 (App. 2012) (finding an affidavit lacking where it did not describe or attach the referenced documents, did not establish the admissibility of the documents through an

exception to the rule against hearsay, and did not say the affiant reviewed the documents or was familiar with the manner of their preparation); *Hidden Lakes*, 174 Ariz. at 82 (finding an affidavit lacking where it did not say the affiant reviewed the exhibits or was familiar with the manner of their preparation) (citing *Chess v. Pima Cty.*, 126 Ariz. 233, 235 (App. 1980), and *Heiner v. City of Mesa*, 21 Ariz. App. 58, 62-63 (1973)).

¶14        The Hoskyns also renew their argument that the loan officer is not a fair witness because "her salary is based on her ability to collect money" for the Bank. The trial court implicitly rejected this argument, and we review its evidentiary rulings for an abuse of discretion. *See Mohave Elec. Co-op., Inc. v. Byers*, 189 Ariz. 292, 301 (App. 1997) (citing *Gasiorowski v. Hose*, 182 Ariz. 376, 382 (App. 1994)). We find no error here. Although the loan officer was an employee working for the benefit of the Bank, the Hoskyns presented no specific evidence suggesting she testified untruthfully in her affidavit, and furthermore, largely failed to refute the facts set forth therein. *See infra* ¶¶ 17-19.

¶15        Finally, the Hoskyns argue the trial court erred in finding them liable for the debt to the Bank and granting summary judgment in its favor.[3] We review an order granting summary judgment *de novo*. *St. George v. Plimpton*, 241 Ariz. 163, 165, ¶ 11 (App. 2016) (citing *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 201 Ariz. 474, 482, ¶ 13 (2002)). Summary judgment is proper when, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* (quoting Ariz. R. Civ. P. 56(a), and citing *Ariz. Laborers*, 201 Ariz. at 482, ¶ 13).

¶16        To carry its burden of persuasion, the moving party must submit "undisputed admissible evidence that would compel any reasonable juror to find in its favor on every element of its claim." *Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 293, ¶ 20 (App. 2010). "When a summary judgment motion is made and supported as provided in [Rule 56], an opposing party may not rely merely on allegations or denials of its own pleading." Ariz. R. Civ. P. 56(e). Rather, he must, "by affidavits or as

---

[3]        The Hoskyns make several other arguments on appeal that were not raised with the trial court. These arguments have been waived, and we do not consider them. *See Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 15 (App. 2004) (citing *Van Loan v. Van Loan*, 116 Ariz. 272, 274 (1977)).

otherwise provided in [Rule 56], set forth specific facts showing a genuine issue for trial." Ariz. R. Civ. P. 56(e). "An adverse party who fails to respond [to a motion for summary judgment] does so at his peril because uncontroverted evidence favorable to the movant, and from which only one inference can be drawn, will be presumed to be true." *Tilley v. Delci*, 220 Ariz. 233, 237, ¶ 11 (App. 2009) (quoting *Choisser v. State ex rel. Herman*, 12 Ariz. App. 259, 261 (1970)); *see also* Ariz. R. Civ. P. 56(e) ("If the opposing party does not so respond [with specific facts supported by admissible evidence], summary judgment, if appropriate, shall be entered against that party.").

**¶17** In their sworn statement in opposition to the motion for summary judgment, the Hoskyns admit applying for the line of credit but assert "the paperwork produced . . . is only a loan application," suggesting the application was never consummated into an actual loan. But the evidence does not reasonably support such an inference; the loan officer averred that the application was approved, and the Hoskyns admit Darwin incurred charges on the account.

**¶18** The Hoskyns also assert they executed the documents only as agents of Darwin and never intended to be personally responsible for Darwin's debts. The assertion fails to satisfy their burden "to come forward with evidence establishing the existence of a genuine issue of material fact that must be resolved at trial," because it is not credible. *Modular Mining Sys., Inc. v. Jigsaw Techs., Inc.*, 221 Ariz. 515, 520, ¶ 15 (App. 2009) (noting that, for purposes of summary judgment, a "genuine issue" is one "that a reasonable trier of fact could decide in favor of the party adverse to summary judgment on the available evidentiary record") (quotations and citation omitted). The unambiguous language of the "AGREEMENT AND PERSONAL GUARANTY" the Hoskyns executed explicitly creates personal responsibility for the line of credit. *See supra* ¶ 3. The Hoskyns cannot avoid their obligations under the contract "on the ground that [they] did not read it or supposed it was different in its terms from what it really was." *Mut. Benefit Health & Accident Ass'n v. Ferrell*, 42 Ariz. 477, 486 (1933), *overruled in part on other grounds as stated in Occidental Life Ins. v. Bocock*, 77 Ariz. 51, 58 (1954).

**¶19** The Hoskyns offered no other defense to the motion. They nonetheless argue the Bank's claim for breach of contract fails, as a matter of law, because it never produced a promissory note securing payment. Although a lender may prudently require execution of a promissory note to secure the extension of credit, a promissory note is not necessary to the creation of a personal guaranty, nor is a note necessary to prove breach

thereof. *See, e.g., Modular Sys., Inc. v. Naisbitt*, 114 Ariz. 582, 583 (App. 1977) (acknowledging the plaintiffs' separate claims for breach of a promissory note and breach of a guaranty agreement).

**¶20** In sum, the Bank submitted admissible evidence indicating the Hoskyns executed a credit application whereby they not only obtained credit, but also agreed to personally guaranty a business loan issued to Darwin, and then defaulted on the $100,863.68 obligation. The Hoskyns did not identify, or support through specific assertions or admissible evidence, any genuine issue of material fact that would preclude judgment in the Bank's favor. Accordingly, we find no error.

## CONCLUSION

**¶21** The trial court's order entering judgment in favor of the Bank is affirmed.

**¶22** The Bank requests an award of fees pursuant to the Customer Agreement. By signing the guaranty, the Hoskyns "agree[d] to pay [the] Bank's costs and attorney's fees in enforcing th[e] guaranty." Accordingly, we award the Bank its attorneys' fees and costs incurred on appeal upon compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED: AA